The plaintiff instituted this action to recover a balance due from the defendant on a contract for building a cotton gin, etc., and claimed a lien upon the same and the land whereon it was situated by virtue of the following notice of lien:
(78) P. J. Wray against James H. Harris. — Mechanic's Lien.
The above named P. J. Wray files his notice and claim of lien in the office of the Superior Court clerk for Wake County. Said claim is for work and labor done and materials furnished for the said J.H. Harris upon the plantation of said Harris in Cary Township, in said county, to the amount of $508, upon which amount there is a balance now unpaid of $255. Said work and labor and materials were performed and furnished in the construction of a cotton gin upon said plantation, and upon the said cotton gin and land upon which the same is situated, the said Wray claims his lien. This 17 December, 1875.
P. J. WRAY.
 Sworn and subscribed before me, this 17 December, 1875. J. N. BUNTING, C. S.C.
The defendant answered, admitting the debt, but denying that the above notice created any lien on his property as claimed by the plaintiff, by reason of its failure to comply with the requirements of the statute.
His Honor held that the notice was insufficient, and the plaintiff appealed.
It is very clear that the claim of lien filed in the office of the clerk of the Superior Court does not come up to the requirements of the act. Bat. Rev., ch. 65, sec. 4. It does not specify in detail the materials furnished or labor performed, or give the dates at which the materials were furnished or the labor was performed. The date given in the claim was evidently intended only as the date when it was put in writing *Page 71 
for the purpose of being filled. Such liens are the creatures of the (79) statute, and its requirements must be substantially observed.
PER CURIAM. Affirmed.
Cited: Cook v. Cobb, 101 N.C. 71; Moore v. R. R., 112 N.C. 241;Jefferson v. Bryant, 161 N.C. 407; Lumber Co. v. Trading Co., 163 N.C. 317.