JAMES W. COOK v. JOSEPH COBB.

*Laborer's Lien.*

It is essential to the validity of a laborer's lien, that the "claim," or notice, which he is required to file, shall set forth, in detail, the times when the labor was performed, its character, the amount due therefor, and upon what property it was employed; and if it is for materials furnished, the same particularity is required. Defects in these respects, will not be cured by alleging the necessary facts in the pleadings in an action brought to enforce the lien.

CIVIL ACTION, tried before *Graves, J.,* at April Term, 1888, of EDGECOMBE Superior Court.

The plaintiff alleged, in the complaint, that he labored during the year 1886 on the farm and crop of William Cook, who owed him for such labor the sum of $76.40, and that he had a laborer's lien on the crop then produced on the land, in part by his labor; that the defendant, claiming to act as Sheriff by virtue of a proper warrant, seized and sold the same crop, when gathered, to satisfy a debt due to John F. Shackelford for money and supplies advanced to his employer to make the crop, which debt, as alleged by the defendant, constituted a lien on the crop subsequent in date and effect to his own, &c. The defendant denied that the plaintiff had such first, or any lien, upon the crop and prop-

erty so seized by him. The following is a copy of the " claim" of the plaintiff and notice thereof, filed in the office of the nearest Justice of the Peace :

" *William Cook to James W. Cook,*          Dr.

"1886.

" Dec. 8. For labor on farm for 8 mouths and 4 days,

at $10 per month ____ _____ $81 46

Cr. by cash _____ ____ ____ ____ _____ ___    5 00

$76 46

" Laborer's lien filed and sworn to before me the 8th day of December, 1886.          JAMES W. COOK.

J. M. SPRAGINS, J. P.

There was a verdict and judgment for the plaintiff, and the defendant appealed, assigning as error, that the Court erred in adjugding that the magistrate's docket exhibited a valid lien in favor of the plaintiff against the lien of Shackelford.

*Mr. John L. Bridgers* (by brief ), for the plaintiff.

*Mr. George V. Strong,* for the defendant.

MERRIMON, J., (after stating the case). The statute (*The Code*, § 1781) gives the laborer a lien on any kind of property, real or personal, including the crop produced on a farm, to secure the payment of the debt due to him for his labor on the same. But in order to create such lien and render the same effectual, the statute (*The Code*, § 1784,) further provides, that " All claims against personal property of two hundred dollars and under, may be filed in the office of the nearest Justice of the Peace, or if over two hundred dollars, or against real estate or interest therein, in the office of the

Superior Court Clerk in any county where the labor has been performed or the materials furnished, but all claims shall be filed *in detail,* and specifying the materials furnished or *labor performed,* and the time thereof."

The obvious purpose of this requirement is to give public notice, in the offices designated, of the plaintiff's "claim"— his debt—the amount of it, the materials supplied or the la- done, when done, on what property, on what farm or crop, and when, specified with such detail and certainty as will give reasonable notice to all persons of the character of the "claim," and the property to which the lien, on account of the same, attaches, and of the lien thereby established.

Otherwise, such filing of the claim and notice thereof and the lien, would serve no useful purpose, and it would be practically nugatory. The purpose is to give the laborer—a very meritorious creditor—an important advantage as to his debt due on account of his labor done on the property to which the lien attaches over the ordinary creditor, but to obtain that advantage, he must comply strictly—certainly substantially, in all material respects, with the requirement of the statute—it so requires, and it is but reasonable and just that he should do so. If he is to have such advantage other creditors should know the fact, and the extent of it, to the end they may have just opportunity the better to deter- mine what extent of credit the employer should have, and what property of his they might expect to subject to the payment of their debt against him.

The plaintiff's claim and notice of lien is not only very informal, but is clearly not a sufficient compliance with the requirements of the statute in two other respects, and hence no lien arose in his favor. It does not appear from it, as it should do to be effectual, at what time he began to labor and when it ended, nor on what farm he labored, nor particu- larly that he labored on the crop of his employer, on which he intended to obtain a lien. The date affixed to the claim

only indicates the time he reduced it to writing and filed it.

It is not sufficient to allege in the pleadings the time of the labor, and that it was done on a particular crop which the plaintiff seeks to charge with a lien. This must appear substantially in some way in the claim, for the reasons above stated. *Wray* v. *Harris*, 77 N. C., 77; Phil. on Mech. Liens, §§ 349, 350; Kneel on Mech. Liens, 202, *et seq.*

The appellant is entitled to a new trial.

Error.