* MacRAE, J., did not sit on the hearing of this case.
The action was brought by the plaintiff as assignee of various claims due laborers, etc., by a firm of contractors to whom the (237) construction of a part of the Cape Fear and Yadkin Valley Railway Company's road had been sublet by a subcontractor of the North State Improvement Company, which had the contract for the construction of the whole road. The complaint alleged that a contract had been made by the Cape Fear and Yadkin Valley Railway Company with the North State Improvement Company for the construction of the railroad between Fayetteville and Wilmington; that the said Improvement. *Page 199 
Company contracted with one W.P. Fortune to grade that part of the road lying between Wilmington and Black River, and that Fortune sublet to McDuffie and Gillis the grading of a part of the section covered by his (Fortune's) contract. The complaint further alleged:
"8. That by and under the said contract of said firm of McDuffie and Gillis a large part of the said grading on said Cape Fear and Yadkin Valley Railway bed was done, executed and finished by the said firm of McDuffie and Gillis, and was received and accepted by the engineer of the two corporations named in articles 1 and 2 of this complaint, and a large part of said completed work was then paid to said firm of McDuffie and Gillis, and a large sum was retained in the hands of said corporations, to wit, about three thousand dollars.
"9. That before the said money was due and payable according to the terms of said several contracts hereinbefore stated, and according to the rules, usages, and customs of said corporations in paying for said grading, this plaintiff, and the others whose claims he now holds, served on the said corporations, the Cape Fear and Yadkin Valley Railway Company and the North State Improvement Company, and on W.P. Fortune, a notice, in writing, which said notice informed them that there was due and owing to this plaintiff and other the (238) sum of twenty-four hundred dollars due for work and labor done and materials furnished in grading said part of the Cape Fear and Yadkin Valley Railway bed, and forbade, the payment of the said sum of twenty-four hundred dollars to the said firm of McDuffie and Gillis until such time as this plaintiff and other claims should be fully paid and satisfied.
"10. That James N. Gillis and John McDuffie are wholly insolvent.
"11. That the sum of twenty-two hundred and seventy dollars was assigned and transferred to this plaintiff by the laborers who did the grading on said part of said road between Moore's Creek and Black River, a distance of fourteen miles, and is now and was at the time of said transfer due and owing for labor done and material furnished in grading said road, and the sum of one hundred and thirty dollars is now and was due to this plaintiff for work and labor done in grading and constructing said part of the Cape Fear and Yadkin Valley Railway.
"12. That defendants are justly indebted to this plaintiff in the sum of twenty-four hundred dollars for work and labor done in grading and constructing the Cape Fear and Yadkin Valley Railway between Moore's Creek and Black River, a distance of fourteen miles, and no part of the said sum of twenty-four hundred dollars has been paid: wherefore the plaintiff prays for judgment against the defendants for twenty-four hundred dollars, and for the costs of this action." *Page 200 
The defendants demurred to the complaint, assigning the following causes of demurrer:
"1. That the complaint shows upon its face that there was no contract between the plaintiff and either of the defendant corporations, and that there was no agreement of any kind between them either express or implied.
(239) "2. That the complaint shows upon its face that it does not show a cause of action against either of the defendant corporations, but shows only a cause of action, if any exists, only against the firm of McDuffie and Gillis, who were such contractors of one W.P. Fortune.
"3. Because it appears on the face of the complaint that the court has no jurisdiction of the action.
"4. Because the complaint shows upon its face that several causes of action have been improperly joined.
"5. Because the complaint does not state facts sufficient to constitute a cause of action, in that while it states the amount claimed to be due by McDuffie and Gillis to the plaintiff as one hundred and thirty dollars, it does not state what claims were assigned to him, the names of the parties assigning or the amounts due each, so that defendant could deny or answer each claim specifically.
"6. Because the complaint is multifarious and indefinite."
The plaintiff, at a subsequent term, filed an amended complaint and further alleged:
1. That by virtue of and under the several contracts set forth in paragraphs 4, 5, and 6 of the said original complaint, in accordance with said contracts, and under the direction and guidance and instructions of the agents, engineers and officers of said corporations, and of said W.P. Fortune, John McDuffie, James N. Gillis, and A.H. Slocumb, this plaintiff, and those who have assigned to him as hereinafter set forth, did and performed work and labor in the grading and building of said Cape Fear and Yadkin Valley Railway, amounting to the sum of twenty-four hundred dollars, which said railway company, nor any other person for them, has ever paid to this plaintiff, although said railway has and is now using and enjoying the said railway so constructed by plaintiff.
(240) 2. That there is now due and owing to plaintiff for said labor and materials furnished as aforesaid, from defendants the following amounts (here follows a long list of accounts assigned to plaintiff, most of them small, but one for $130, another for $275 and another for $112). *Page 201 
3. That all the above amounts have been transferred and assigned to plaintiff, amounting to two thousand four hundred and three 7/100 dollars, and were due and payable on 20 December, 1889.
Wherefore plaintiff demands judgment for the said sum of twenty-four hundred and three 7/100 dollars and interest, and for the costs of this action.
The defendants, relying upon their former demurrer, demurred to the amended complaint, assigning the following causes:
1. That the complaint shows upon its face that there is a misjoinder of actions.
2. That the amended complaint shows that the court has no jurisdiction of the action, and that the action is not prosecuted in the name of the real party in interest.
His Honor sustained the demurrer for the causes set out in the first, second, third, fourth and sixth articles thereof, and dismissed the action as to the railroad and the improvement company, and plaintiff appealed.
Where a contractor for the construction of any part of a railroad becomes indebted to a laborer for his services on the work which the former has agreed to perform, the latter may, if the comply with the requirements of the statute (The Code, sec. 1942), subject the railroad company to liability for labor for thirty or "a less number days," provided, 1st, that such employee give notice to such (241) company within twenty days after the performance of the labor for which the claim is preferred; 2d, that the notice shall be in writing and shall be served on an engineer, agent or superintendent in charge of the section of the road on which such labor was performed, personally or by leaving the same at his usual place of business; 3d, that said notice shall set forth the time when the labor was performed, the number of days and the amount of the claim. This right to look beyond the contract of employment to an artificial responsibility that may be thrust upon the company, is a creature of the statute, and one who claims the benefit of it must, like a mechanic seeking to enforce a lien under the provisions of The Code, and upon the same principle, show a substantial compliance with the requirements of law. Wray v. Harris, 77 N.C. 77; Cook v. Cobb, 101 N.C. 68. The Legislature would not, if it had authority to do so, arbitrarily subject corporations or individuals to liability for the debts of others, unless where the company or person, by reason of the relation sustained to the primary debtor, has the power to guard against incurring loss by withholding a payment due to such *Page 202 
debtor. If the claimant complies with the requirement that notice shall be served within twenty days after the performance of the work and embodies in it the specific information mentioned above, the company can ordinarily ascertain the precise amount of its liability for, as well as to, contractors, or approximate it so closely as to be able to retain a sufficient sum on settlement for its own protection. It should appear affirmatively from the complaint and exhibits, not simply that each of the laborers who assigned to the plaintiff claimed a specified sum from the company, but that every such assignor had complied substantially with the statute in giving the prescribed notice previous to the assignment (242) of his account. Cook v. Cobb, supra. After subjecting the contracting corporation to liability by such compliance, each laborer can assign his claim as a debt, either against his employer or the company dealing with him under a direct agreement or as subcontractor, and the assignee could unquestionably sue upon the aggregate amount so transferred to him by various claimants and recover the sum total of all such claims due for such labor, and as to which the requisite notice should be shown to have been given.
The description of the claims assigned is contained in section 2 of the amended complaint, and is as follows: "That there is now due and owing for said labor and materials furnished as aforesaid from defendants the following amounts: To H. W. Moore, $130; to J. G. Thomas, $275; to W. Wills, $2.67, aggregating (including all the amounts set out as due to the various parties) $2,403.07. The privilege of subjecting the contracting company to liability is conferred by the statute only upon laborers and on account of work for thirty days or less in constructing a road. The plaintiff sues as assignee of more than one hundred and forty persons, whose accounts, in section 1 of the amended complaint, are declared upon as for work and labor done in grading and building the railroad, while in the very next paragraph the specific amounts, without distinguishing one from another, are alleged to be due for "labor and materials furnished." If the plaintiff had alleged that the notice prescribed by the statute had been served, as required, by each claimant for work done, it would have been sufficient. It seems probable, at least, that the larger accounts, amounting to from $100 to $200, were not due for labor for thirty days or less, but for materials, and, if so, the company could in no event be held responsible for their payment.
(243) We concur with the court below in the view that the facts set forth in the complaint show no cause of action against any person or corporation other than the firm of McDuffie and Gillis.
If it be conceded that the plaintiff could not in any event recover against any intermediate contractors, but only against the railroad *Page 203 
company, and upon proof of compliance by his assignors with the statute, the addition of the improvement company as a defendant would not be a fatal misjoinder.
For the reasons given, the judgment is
AFFIRMED.
Cited: Bruce v. Mining Co., 147 N.C. 644; Alexander v. Farrow,151 N.C. 323.