D. A. CAMERON v. CONSOLIDATED LUMBER COMPANY.

*Laborer's Lien—Notice.*

Under Section 1784 of *The Code* requiring the claim for a laborer's lien to be filed in detail, specifying the labor performed and the time thereof, plaintiff filed his claim as follows before a justice of the peace : " J. S. C., owner and possessor, to D. A. C., October 22, 1894.   To 122½ days of labor as sawyer at his saw mill on Jumping Run Creek, from 1st October, 1893, to August 31, 1894, $127.24.   (Signed) D. A. C., Claimant," which was sworn to : *Held*, the claim as filed was a reasonable and substantial compliance with the statute.

CAMERON v. LUMBER COMPANY.

CIVIL ACTION, to enforce a laborer's lien in favor of plaintiff against J. S. Cameron, heard on appeal from justice's judgment before *Timberlake, J.*, at November Term, 1895, of HARNETT Superior Court. The Consolidated Lumber Company interpleaded as owner of the property upon which the lien was filed. His Honor rendered the following judgment:

"This cause coming on to be heard at a superior court at Lillington, on November 25, 1895, *E. W. Timberlake, Judge*, presiding, and being heard, and it having been agreed that the judgment of the justice of the peace should be affirmed if the court should be of the opinion that the bill of particulars filed by plaintiff was in accordance with the provisions of the statute with regard to liens, and for the defendant if the court should be of the contrary opinion, and the court being of the opinion that the said bill of particulars conforms to the requirements of the statute, it is considered, ordered and adjudged that the plaintiff recover of defendant, J. S. Cameron, the Consolidated Lumber Company, and the sureties on the defendant's undertaking on appeal, H. McD. Robinson and R. M. Nimocks, the sum of ninety-five dollars ($95) with interest thereon from October 22d, 1894, until paid, and the cost to be taxed by the clerk."

The defendant appealed from the judgment rendered.

*Mr. O. J. Spears*, for plaintiff.
*Messrs. Robinson & Bidgood*, for defendant (appellant).

FAIRCLOTH, C. J.: This action was instituted to enforce a laborer's lien under *The Code*, Sections 1781 and 1784, requiring the claim to be filed in detail, specifying the labor performed and the time thereof. The notice to J. S. Cameron, the owner, was that the plaintiff "has filed a lien for work and labor performed on all the lot of lumber now on the yard of your saw mill on Jumping Run Creek

in said township and county—the plaintiff performing the work of sawyer in the manufacture of all of said lumber," and refers to the bill filed with the Justice of the Peace Johnson.    The claim filed was in these words: " J. S. Cameron, owner and possessor, to A. D. Cameron—1894, October 22: To 122½ days of labor as sawyer at his saw mill on Jumping Run Creek in Harnett county, and at his old mill, from 1st October, 1893, to August 31, 1894—$137.24.    (Signed) D. A. Cameron, claimant."

The plaintiff had judgment in which his Honor states that it had " been agreed that the judgment of the justice of the peace should be affirmed if the court should be of opinion that the bill of particulars filed by the plaintiff was in accordance with the provisions of the statute with regard to liens," but, if otherwise for the defendant.    This is the sole question presented to this Court.    We think the bill filed is a reasonable and substantial compliance with the statute.    No one need misunderstand it who should become interested in the property.    The subject is more fully treated in *Cook* v. *Cobb*, 101 N. C., 68.

Affirmed.