G. W. JEFFERSON & BROS. v. C. C. BRYANT.

(Filed 5 March, 1913.)

1. Liens—Material Men — Interpretation of Statutes — Substantial Compliance—Turnkey Job—Time of Completion.

While a substantial compliance with Revisal, sec. 2026, is necessary to the validity of a lien filed for material, etc., furnished in the erection of a building, it is not required that the claimant file his itemized statement of the material used in a building which he had contracted to complete for the owner for one sum; but the time of the completion of the work must be stated.

2. Liens—Turnkey Job—Time of Completion—Statement as to Interest.

In this action to enforce a lien upon a building contracted to have been built for a certain total sum, the conclusion in the bill of particulars with reference to the commencement of the running of interest does not refer to the time of the completion of the building, as the plaintiff testified that it was completed at a different time.

3. Liens — Defective Claim — Contractors — Turnkey Job—Time of
   Completion—Amendments—Power of Courts.

> Where suit is brought by a contractor to enforce a lien on a
> building which was to have been paid for in a single sum, and
> his claim for lien is defective, as filed with the clerk, in not
> stating the time the house was completed, as required by the
> statute, Revisal, sec. 2026, it cannot be cured by amendment
> allowed in the Superior Court at the trial.

APPEAL by defendant from *Cline, J.,* at September Term,
1912, of PITT.

In the summer of 1909 the plaintiffs contracted with the de-
fendant, Cherry Bryant, to furnish the material for and to
build a house for her upon a lot owned by the said defendant,
Cherry Bryant, in the town of Fountain, for the sum of $250
for a turnkey job. The plaintiffs built said house according to
contract, furnishing the material and all labor necessary, com-
pleting the house during April or May, 1910. On 15 December,
1909, plaintiffs received from the defendant, Cherry Bryant, the
sum of $50, and on 24 March, 1910, $50, leaving a balance due
of $150, which remains unpaid. On 28 February, 1911, the
plaintiffs purported to file a lien in the office of the Clerk of the
Superior Court of Pitt County against the defendant on the
said house and lot in Fountain to the amount of $150, and on
18 July, 1911, secured judgment on said lien against the de-
fendant in the sum of $150 in a justice of the peace court, and
the defendant appealed to the Superior Court.

The notice of lien and the account filed therewith are as fol-
lows:

G. W. JEFFERSON & BROS., Claimant,

*v.*

CHERRY BRYANT, formerly CHERRY BELL, Owner or Proprietor.

The said G. W. Jefferson & Bros., claimant, file their lien
against the said Cherry Bryant, formerly Cherry Bell, owner
or proprietor, in the office of D. C. Moore, clerk of the Superior
Court in and for said county.

· Said lien is for material and labor on the house of the said
Cherry Bryant, formerly Cherry Bell, as per bill of particulars
herewith filed.

The said house being situate in the county of Pitt, in Fountain, adjoining the lands of R. B. Owens, G. W. Jefferson & Bros., and others, on Railroad Street, and being the identical house built by said G. W. Jefferson & Bros. for said Cherry Bryant in the town of Fountain. The said G. W. Jefferson & Bros. claim their lien.

This the 28th day of February, 1911.

G. W. JEFFERSON & BROS., *Claimant.*

BILL OF PARTICULARS.

CHERRY BRYANT, *alias* CHERRY BELL, Owner and Proprietor, *To* G. W. JEFFERSON & BROS., Claimant, *Dr.*

Date, February 28, 1911.

To balance due on account for material and labor due for building one house in Fountain, the total amount of account being $250, upon which she has paid $100, leaving a balance of $150, with interest from 1 January, 1911.

G. W. JEFFERSON & BROS., *Claimant.*

The defendant contended before the justice and in the Superior Court that the lien was invalid because no time was stated therein when the labor was done or the material furnished, or when the house was completed, and excepted to adverse rulings on these contentions.

In the Superior Court the court permitted the plaintiffs to amend the lien as follows: "It was completed in April or May, ·1910." To this defendant excepted.

There was a verdict and judgment in favor of the plaintiffs, and the defendant excepted and· appealed.

*F. G. James & Sons for plaintiffs.*
*W. F. Evans for defendant.*

ALLEN, J. This action is to enforce a lien under section 2026 of the Revisal, which requires that "all claims shall be filed in detail, specifying the materials furnished or labor performed, and the time thereof," and it has been uniformly held, in construing this statute, that there must be a substantial com-

pliance with its terms, and that the statement of time is material. *Wray v. Harris,* 77 N. C., 77; *Cook v. Cobb,* 101 N. C., 68.

The headnote to the *Cook case,* which is fully sustained by the opinion, is that, "It is essential to the validity of a laborer's lien that the 'claim' or notice which he is required to file shall set forth in detail the times when the labor was performed, its character, the amount due therefor, and upon what property it was employed; and if it is for materials furnished, the same particularity is required. Defects in these respects will not be cured by alleging the necessary facts in the pleadings in an action brought to enforce the lien."

This rule has been very generally modified when the contract is to complete a building for one sum, and in such case it is not required that the labor performed and the materials furnished shall be itemized, but that the time of the completion of the work shall be stated. The cases are collected in the notes to 27 Cyc., 188.

If we apply these principles to the notice of lien in the record, it is fatally defective, as no time is given in connection with any item, and the time when the contract was completed is not stated.

The conclusion of the bill of particulars, "with interest from 1 January, 1911," does not refer to the completion of the contract, as the plaintiff testified it was completed in April or May.

The plaintiff contends, however, that this defect was cured by amendment in the Superior Court, and this presents the question of the power of the court to make the amendment. The Superior Court has broad and ample jurisdiction over the amendment of process and pleadings, but the notice of lien is neither a process nor a pleading, and it was only in the court for the purpose of enforcement. If against real estate, the statute requires it to be filed before the clerk, and states what is necessary to make it valid. If defective when filed, it is no lien, and to permit an amendment, curing a fatal defect, would be to confer upon the court the power to make a lien, and thus destroy the provisions of the statute.

The question has not been directly presented in this State, but the controlling principle has been declared. In *Phillips v. Higdon,* 44 N. C., 382, *Pearson, J.,* said: "Where the amendment will evade or defeat the operation of a statute, the court has no power to allow it. This is clear; for no court has the power of nullifying a statute. By way of illustration, the statute requires that a levy should describe land in a particular way, for the purpose of informing the defendant in the execution, and all who may wish to become purchasers, what land the sheriff is to sell. If a levy is not sufficient, and a sale under it is made good by an amendment of the levy, the effect is to defeat the operation and purposes of the statute, and to allow land to be sold without the safeguards which the Legislature has provided against surprise and fraud. It might happen that a defendant in an execution, who from the levy, 'land lying on Carny Fork,' was under the impression that some out tract of his was to be sold, might, after the sale, find himself deprived of his 'home place' under the power of the court to allow the constable to amend his levy by adding the words, 'being the tract of land lying on the forks of the said creek, on which the defendant now resides,'" and this was affirmed in *Cogdell v. Exum,* 69 N. C., 464, and in *Patterson v. Wadsworth,* 94 N. C., 540.

This principle has been applied in other jurisdictions to the amendment of a lien. *Vreeland v. Boyle,* 37 N. J. L., 346; *Flume Co. v. Kendall,* 120 Cal., 182; *Lindley v. Cross,* 31 Ind., 110; *Goss v. Stelitz,* 54 Cal., 640; Jones on Liens, vol. 2, sec. 428; Phillips Mech. Liens, sec. 428.

In the New Jersey case the Court says: "It is obvious that the lien claim is not a file in the Circuit Court, nor in any court. It is a record in the office of the clerk of the county, like the registry of a deed or mortgage. It is the foundation of the action, but no part of the suit. The record in the Circuit Court begins with the issue of the summons and continues with the filing of the declaration, pleas, etc. The court may amend its own files and records under the authority given in sections 129 and 166 of the practice act, but it has not power to alter or amend the records in the county clerk's office, either by these

sections or anything contained in the mechanics' lien law. Only proceedings in actions in courts can be altered by joining an omitted plaintiff, or striking out one improperly joined, where it shall appear that injustice will not be done by such amendment, and the person affected by the amendment consents. If it were conceded that the court might amend the summons, declaration, and pleas in this case, under the extensive power given in section 166 of the practice act, for the purpose of determining in the existing suit the real question in controversy between the parties, yet it cannot, without some express authority, go beyond its own jurisdiction, into the county clerk's office, and there alter the records so as to make them conform to the changed papers in court."

Being, therefore, of opinion that the lien is defective and that the court did not have the power to amend the same, a new trial is ordered.

New trial.