L. E. NORFLEET ET ALS. v. TARBORO COTTON FACTORY.

(Filed 20 September, 1916.)

**1. Liens—Corporations—Factories—Coal Furnished—Statutes.**

Revisal, sec. 1131, confers no lien on the products of a cotton factory corporation in favor of one furnishing coal used in their manufacture, but only the right to enforce their claims by judgment and execution, as against the holders of mortgages upon the corporate property.

**2. Liens—Enforcement—Corporations.**

As to whether one furnishing coal to a corporation used in the manufacture of its cotton products can claim his lien on the facts of this case, under the provisions of Revisal, sec. 2016, *quere.* But his failure to enforce his asserted lien under the provisions of Revisal, sec. 2027, deprives him of whatever right thereto he may have had.

APPEAL from *Whedbee, J.,* at July Special Term, 1916, of EDGE-COMBE.

This action was brought for the purpose of appointing a receiver for the defendant corporation and for dissolving same; on 23 January, 1914, the defendant corporation was placed in the hands of C. A. Johnson, temporary receiver, who thereafter operated same until the March term of the Edgecombe Superior Court, when C. A. Johnson and H. P. Foxhall were appointed permanent receivers, who thereafter operated same until ..............., 1914.

The property of the corporation, except stock manufactured and in process and accounts receivable, was sold for $29,000 by order of the court, and sale confirmed at June Term, 1914, and the following order made in said cause at said term:

And it is further ordered that said receivers pay out of the purchase price the allowances to said receivers, commissioners and their attorneys, the cost of this action, to be taxed by the clerk, also the 1915 taxes, and immediately pay over the residue of said purchase money to the clerk of the Superior Court of Edgecombe County.

This cause is retained for further orders.

W. M. BOND,
*Judge Presiding.*

At said June term the following order was made in said cause:

"The time for filing claims against Tarboro Cotton Factory is hereby extended until 15 August, 1914, on which date said commissioners and receivers are directed to make full report of all claims with their recommendations or finding as to each."

The petitioners in due time filed their claim with the receivers for $492.37, the account set out in the petition, but not the claim on account of the lien, and on 2 September, 1914, they reported the same to the court as a valid claim, as follows, with respect to all claims filed:

"Upon the hearing and investigation of the notes and accounts presented and filed with the said receivers, as appears by their statement thereof, they report that they are allowed against the said Tarboro Cotton Factory and should be paid as far as possible out of the remaining proceeds of the sale of said cotton factory according. to the priorities of lien that the court shall adjudge any of them entitled to, except the claim of Percy Bryly, which your receivers report is not valid and should not be allowed or paid."

On 4 June, 1915, the receivers filed their final report, showing a balance in hand of $1,422.68.

An order was thereafter made in the action requiring the amount in the hands of the receivers to be paid into the office of the clerk of the Superior Court to abide the orders of the court.

The claim of the plaintiff is for coal furnished the defendant corporation in November and December, 1913, and used in the manufacture of cloth and yarn, and it claims a lien upon the proceeds of the sale of cloth and yarn.

The notice of the lien was filed in November, 1914, and his petition to enforce the same in October, 1915.

His Honor dismissed the petition, and the petitioner excepted and appealed.

*W. C. Howard for appellant.*
*G. M. T. Fountain & Son for appellee.*

PER CURIAM. The petitioner claims a lien under section 1131 and section 2016 of the Revisal.

The first of these sections confers no lien. *Coal Co. v. Electric Co.,* 118 N. C., 232. It only gives those holding claims against a corporation for labor performed or torts committed the right to enforce their claims by judgment and execution as against those holding mortgages upon the property of the corporation.

It is doubtful if the petitioner brings itself within section 2016 of the Revisal; but, conceding that it has done so, it has failed to commence any proceeding for the enforcement of its lien within the time prescribed by statute, Revisal, sec. 2027.

It is also true, as contended by the other claimants, that there is no finding of fact and nothing in the record to show that any part of the funds in the hands of the clerk and upon which the petitioner claims

a lien is any part of the proceeds of the manufactured product of the factory, and it does appear that when the petitioner presented his demand that his claim of lien be recognized, that it was denied by the receivers, and that it filed no exception. and, so far as the record discloses, it made no objection thereto.

In our opinion, after a careful investigation of the record, the ruling of his Honor dismissing the petition must be sustained.

Affirmed.