J. T. LOWERY, JR., v. JAMES C. HAITHCOCK AND WIFE, MARGARET L. HAITHCOCK (ORIGINAL DEFENDANTS), AND RALEIGH BUILDING & LOAN ASSOCIATION (ADDITIONAL DEFENDANT).

(Filed 16 December, 1953.)

1. **Laborers' and Materialmen's Liens §§ 1, 9: Husband and Wife § 13a (3)—Evidence held sufficient to support finding that husband acted for wife in letting contract for construction on her premises.**

In this action by a contractor to enforce a lien for labor and materials, the mortgagee in an instrument recorded after the contractor had started work resisted the lien on the ground that the contract for the construction was let by the husband of the owner of the land and that she was not a party thereto. Evidence tending to show that the *feme* owner participated in the preliminary negotiations and agreed to the contract for the erection of a store building and a house on her land, visited the premises after construction was begun and suggested and agreed on changes in the plans and in the materials to be used, *is held* to support the conclusion that her husband, with her consent, spoke for her as well as himself in making the contracts and therefore that she was a party to the contract so as to support lien for labor and materials.

2. **Laborers' and Materialmen's Liens § 5—**

Notice of lien for labor and materials must be filed in the office of the clerk of the Superior Court of the county in which the land is located

LOWERY *v.* HAITHCOCK.

within six months from and after the date the work is completed, and the claim must specify in detail the work done and the materials furnished. G.S. 44-38.

**3. Laborers' and Materialmen's Liens § 10—**

Claimant must institute action to enforce a lien for labor and materials within six months from the date of the filing of the notice of claim of lien. G.S. 44-43, G.S. 44-48 (4).

**4. Laborers' and Materialmen's Liens § 5—**

G.S. 44-38 does not require the listing of material item by item, or the labor hour by hour, but does require sufficient detail to put parties who are or may become interested in the premises on notice as to the labor performed and materials furnished, the amount due therefor, and the property upon which employed.

**5. Same—**

In a notice of claim for labor and materials, an item which merely stipulates the amount due a named company, even though its name discloses the nature of its business, is insufficient itemization to show either the nature of the material or the date it was furnished as required by G.S. 44-38, and upon exception to such item it will be deleted from the amount of the lien on motion of a subsequent mortgagee.

**6. Laborers' and Materialmen's Liens § 1: Husband and Wife § 13a (3)—**

Where the evidence discloses that the wife participated in preliminary negotiations carried on by her husband and approved the contracts for construction of a store building and a house on her land let by him for her, but that after these contracts were let the husband alone entered into a contract for the drilling of a well on the property, and there is no evidence that the wife knew of or authorized the contract for the well, the contract for the well is an independent contract, and the evidence fails to show that she was a party to that contract so as to support a lien for labor and materials therefor.

**7. Laborers' and Materialmen's Liens § 5—**

Where the owner lets a contract for the construction of a store building and a house on her land, and thereafter a contract is let for the digging of a well thereon, the contract for the digging of the well is separate and distinct from the original contract, and when notice of lien therefor is not filed within six months after the completion of the well it is ineffective to create a lien therefor.

**8. Laborers' and Materialmen's Liens § 5—**

Where notice of claim of lien for labor and materials, considered as a whole, is in substantial compliance with the statute, an exception to the sufficiency of the notice as a whole cannot be sustained, even though some items therein may not be sufficiently specific.

**9. Laborers' and Materialmen's Liens § 1—**

In order to support a lien for labor and materials it is necessary that claimant show a contract between himself and the owner out of which the debt arose, and claimant, as against a subsequent lienor, may prove the existence of such contract by admissions made by the owner in her answer.

APPEAL by defendant Raleigh Building & Loan Association from *Burney, J.,* March Term, 1953, WAKE.

Civil action to recover balance due on a construction contract and to enforce a laborer's and materialman's lien for the payment thereof.

The *feme* defendant owned a tract of land on Highway 70 near Garner. She and her husband planned to erect a store building thereon and had plans drawn therefor. Beginning about 1 June 1950, they began to discuss with plaintiff the possibility of erecting the store. They met with him both at their house and at his. On or about 15 June they entered into a contract with plaintiff under the terms of which plaintiff agreed to erect the store on a cost-plus basis. That is, the Haithcocks were to pay for all materials and labor at cost and in addition pay plaintiff the sum of $500 for his services.

While the parties were discussing the contract for the construction of the store, the Haithcocks had plans prepared for a six-room dwelling to be erected on the same premises. The parties discussed the erection of this building, and on or about 3 July entered into the same type of contract for its erection as the one for the store, the plaintiff's fee being the same—$500.

Plaintiff began work on the store about 26 June and on the house shortly after the contract was made. The store was completed about 25 October and the house, on 10 November 1950. During the progress of the work a number of changes and additions to the plans were made, and different and more expensive material than originally contemplated was used.

The male defendant wanted a well drilled on the premises. Heater Well Company declined to accept a contract from him. Thereupon, plaintiff executed a contract with Heater, and the well was drilled at a total cost of $1,190.67. The drilling was begun in July, and the contract for the well was completed more than six months before the lien was filed. Plaintiff had no conversation whatever with Mrs. Haithcock about the well, and she did not authorize the same.

Defendants, during the progress of the work and shortly thereafter, paid plaintiff $14,500. The total cost was $23,030.99. When the work was completed, plaintiff presented to defendants a bill for the balance of $8,530.99 which they declined to pay. They assert that plaintiff contracted to erect the two buildings at a total cost of $14,500, which they have paid. In their answer they admit that, in addition, the plaintiff installed in the dwelling a heating plant, drilled a well, and installed a pump and sink in the store. While they admit liability for these items, they allege they were no part of the original contract to build the house and store.

On or about 20 March 1951, plaintiff filed in the office of the clerk of the Superior Court a declaration of his claim of a laborer's and material-man's lien for the balance due. There was attached thereto what purports to be an itemized, verified account of the labor and material furnished by plaintiff, including his fee, and the costs thereof.

Prior to the trial, the Raleigh Building & Loan Association was, on its own motion, made an additional party defendant and allowed to plead.

As to it, the material facts are these: On 28 September 1950, it loaned to defendants Haithcock the sum of $18,000, taking as security for the payment thereof a deed of trust on the land upon which the store and dwelling were constructed. Default was made in the payment of the debt, and the deed of trust was foreclosed. The loan company became the purchaser at the sale, and the trustee, on 19 January 1953, executed and delivered a foreclosure deed conveying said premises to it, so that it now owns said land subject to such prior lien thereon as plaintiff may possess.

At the trial in the court below, the issues arising on the pleadings were submitted to and answered by the jury. By their answers to the issues, the jury found that (1) the contract was on a cost-plus basis as contended by plaintiff, (2) the balance due is $8,530.99, plus interest, (3) the lien filed by plaintiff constitutes a valid subsisting lien against the property which (4) is prior to the lien of the loan company. The court signed judgment on the verdict. Defendant loan company excepted and appealed.

*Teague & Johnson and Bunn & Bunn for plaintiff appellee.*
*A. L. Purrington, Jr., and Charles H. Young for defendant appellant.*

BARNHILL, J. Defendant loan company, by its appeal, presents two primary questions for decision: (1) Is there sufficient evidence to support a finding that the *feme* defendant, owner of the land, was a party to the contract with plaintiff, and (2) does plaintiff's notice and claim of lien substantially comply with the requirements of the statute so as to make it a lien upon the *locus?* Both questions must be answered in the affirmative.

There is very substantial, uncontradicted testimony tending to show that the contract was the contract of Mrs. Haithcock. She was present at the preliminary conferences, except the first, both at her home and at the home of the plaintiff. At the last conference about the store building, her husband told plaintiff that they would accept his terms and he could proceed with the work. She was present and the circumstances are such as to compel the conclusion that he, with her consent, spoke for her as well as for himself. Then, after the construction was begun, she frequently visited the premises, suggested and agreed on changes in the plans

and in the material to be used.　These and other circumstances appearing of record compel the conclusion that the *feme* defendant was a party to and is bound by the contract with plaintiff, under which he constructed the two buildings.　Indeed, this is admitted in her answer and she further admits liability for certain extras furnished by plaintiff.

That plaintiff was entitled to file a lien on the premises as prescribed by statute to secure any balance that may be due him under the contract is not denied by appellant.　But it does stressfully contend that plaintiff failed to perfect his lien.　That is, it argues that the notice was not filed within the time prescribed by the statute and the statement attached to the notice is not itemized as required by statute, G.S. 44-38.

Under the law, to be effective as a lien relating back to the date the work was begun, the notice of lien must be filed in the office of the clerk of the Superior Court of the county in which the land is located within six months from and after the date the work was completed.　And the claim must specify in detail the work done and the material furnished. G.S. 44-38; *Assurance Society v. Basnight,* 234 N.C. 347, 67 S.E. 2d 390. And the claimant must institute his action to enforce the lien within six months from the date of the filing of the notice of claim of lien.　G.S. 44-43, 48 (4); *Assurance Society v. Basnight, supra; Norfleet v. Cotton Factory,* 172 N.C. 833, 89 S.E. 785.　Whether the action was instituted within this time limit is not at issue.

All the testimony tends to show that the work was begun 26 June 1950; that the store was completed about 25 October, and the whole contract was completed 10 November 1950.　The notice of claim of lien was filed in March 1951.　Therefore—except as hereinafter noted—any contention that plaintiff did not comply with the time requirements of the statute is without substantial merit.

The decisive question relates to the sufficiency of the statement of labor, time, and materials furnished.　Does this comply with the statute which provides that the notice of claim "shall be filed in detail, specifying the materials furnished or (and) labor performed, and the time thereof?" G.S. 44-38.

The statute does not require a listing of material item by item, or the labor hour by hour.　Yet it demands more than a mere summary statement such as "To balance due on account for material and labor due for building one house in Fountain, the total amount of such account being $250, upon which she has paid $100, leaving a balance of $150, with interest from 1 January, 1911."　*Jefferson v. Bryant,* 161 N.C. 404, 77 S.E. 341; *Cook v. Cobb,* 101 N.C. 68; *Wray v. Harris,* 77 N.C. 77.

It does require a statement in sufficient detail to put parties who are or may become interested in the premises on notice as to the labor performed and material furnished, the time when the labor was performed

and the material was furnished, the amount due therefor, and the property upon which it was employed. In other words, there must be a substantial compliance with the requirements of the statute. *King v. Elliott,* 197 N.C. 93, 147 S.E. 701; *Fulp v. Power Co.,* 157 N.C. 157, 72 S.E. 867; *Cameron v. Lumber Co.,* 118 N.C. 266.

In the *Cameron case* last cited, the claim filed was in these words: "J. S. Cameron, owner and possessor, to A. D. Cameron—1894, 22 October: To 122½ days of labor as sawyer at his sawmill on Jumping Run Creek, in Harnett County, and at his old mill, from 1 October, 1893 to 31 August, 1894, $137.24. (Signed) D. A. Cameron, claimant." In deciding whether there was a sufficient bill of particulars to meet the requirement that the claim shall be filed in detail, the Court said: "We think the bill filed is a reasonable and substantial compliance with the statute. No one need misunderstand who should become interested in the property."

We conclude, therefore, that the statement attached to and forming a part of plaintiff's notice and claim of lien, except as to a few items, is, under our decisions, a substantial statement in detail and a sufficient compliance with the statute.

Appellant, however, challenges the validity of the charge for a drilled well included in the bill of particulars or statement attached to the notice of claim. This item is listed "Heater Well Company, $787.50." Neither the nature of the material nor the date it was furnished is disclosed. Only from the word "Well" used in the name of the company may we surmise the nature of the "material furnished." Furthermore, the evidence clearly shows that the contract for the well was entirely separate and distinct from the original contract and was completed more than six months prior to the date the notice of claim was filed.

Moreover, there is no evidence the contract for the well was the contract of the *feme* defendant, or that it was authorized by her. Plaintiff testified he never mentioned it to Mrs. Haithcock, that Mr. Haithcock wanted a well drilled but Mr. Heater would not accept a contract from him, and that he, Lowery, signed the contract.

There are other items of costs incurred in furnishing the well not specified as such in the notice of claim which make the total costs of the well $1,190.67. This amount must be deducted from the lien on authority of *King v. Elliott, supra.*

There are other individual items which, standing alone, fail to comply with the statute. Some of them are discussed in defendant's brief on the contention, however, that the claim of lien as a whole is not sufficiently specific. The defendant, by tendering an issue as to the Heater Well Company item, challenged the validity of the lien as to the same. However, otherwise, the defendant only put in issue the validity of the lien

as a whole. In so far as we have been able to ascertain, no individual item, other than the charge for the well, is the subject of exception. The record affords us no opportunity to consider the elimination of any one or more of them. The notice of claim, generally speaking, is in substantial compliance with the statute and, except as noted, must be upheld.

A lien, such as the one here at issue, must be supported by a debt which arose out of a contract. It was necessary, therefore, for plaintiff to prove his contract with Mrs. Haithcock and his debt arising thereunder. What better evidence could he desire than the testimony or admissions of the debtor? Certainly then the court committed no error in overruling defendant's objection to the admissions made by the original defendants in their answer as to the debt due and owing plaintiff.

We have carefully examined the other exceptive assignments of error. They are without sufficient merit to require discussion. Likewise, we have examined the authorities cited and relied on by defendant and find that they are distinguishable. Our former decisions have liberalized the lien statute upon which plaintiff relies—perhaps beyond the original intent. Even so, we must apply the statute as heretofore construed by this Court.

The judgment for the defendant in the amount found by the jury is affirmed. However, so much thereof as declares it to be a lien upon the *locus* must be modified. The plaintiff is entitled to a lien in the amount of the debt less the cost of the well, to wit, $7,340.30, with interest.

Modified and affirmed.