HAYDEN K. NEAL v. ROBERT WHISNANT AND WIFE, RUTH M. WHISNANT; HELEN A. SENNETT AND HUSBAND, STUART L. SENNETT; THE FIDELITY CO., TRUSTEE; PIEDMONT FEDERAL SAVINGS AND LOAN ASSOCIATION.

(Filed 15 December, 1965.)

**1. Laborers' and Materialmen's Liens § 3—**

A contract to perform the brick work in connection with the construction of a house at a stipulated price per thousand brick and cinder block is a contract for part of the construction work and not one for a complete job for a fixed price, and claim of lien which does not set forth or have attached thereto detailed specifications of material furnished, labor performed, and the time thereof, G.S. 44-38, does not comply with the statutory requirements and is ineffectual.

**2. Same; Laborers' and Materialmen's Liens § 5—**

An incomplete and ineffectual claim of lien for labor and materials furnished may not be made valid by an amendment which is not filed until after the expiration of six months from the completion of the work.

APPEAL by defendants Helen A. Sennett and Stuart L. Sennett from *Latham, J.,* April 5, 1965 Small Claims Session, FORSYTH Superior Court.

The plaintiff, a masonry contractor, instituted this civil action on January 14, 1964, to perfect a laborer's and materialmen's lien for work done and material furnished in building a home for Robert Whisnant and wife in Rolling Green Village, Winston-Salem. The plaintiff alleged he entered into a parol contract with the Whis-

nants under which he agreed to perform labor, furnish materials, and do certain brick work in connection with the construction of the dwelling house on the Whisnant's land. The contract provided the plaintiff was to lay regular eight-inch brick for $45.00 per thousand, twelve-inch brick for $60.00 per thousand, cinder blocks for fifteen cents each, and build a fireplace for $35.00. Plaintiff alleged he began the work on October 31, 1962, and completed it on April 5, 1963; that the total amount due him under the contract was $939.95.

On April 10, 1963, the Whisnants sold their house and lot to the defendant Stuart L. Sennett and wife, Helen A. Sennett. The Deed was recorded on April 19, 1963. On that date the Sennetts executed, delivered, and had recorded a deed of trust on the house and lot to Fidelity Company, Trustee, to secure a loan advanced by Piedmont Federal Savings and Loan Association.

Upon failure of the Whisnants, after demand, to pay the plaintiff for labor performed and material furnished under the contract, on September 6, 1963, he filed with the Clerk Superior Court of Forsyth County a laborer's and material furnisher's lien which, in addition to the names of the parties, the description of the house and lot, and the amount of the claim, provided:

"4. The labor and material on account of which this lien is claimed and filed were furnished and performed to and for the said Robert R. Whisnant and Ruth M. Whisnant by said claimant in Forsyth County, N. C., under and pursuant to the terms of an agreement, the same being an entire and indivisible contract made and entered into by the said claimant and said Robert R. Whisnant and wife, Ruth M. Whisnant on the 31st day of October, 1962, the said Robert R. Whisnant and wife, Ruth M. Whisnant being then the owner of the said property hereinbefore described, by the terms whereof the said claimant contracted and agreed to do all the brick and block work in the construction of a certain dwelling house on the above property and the said owner contracted and agreed to pay at the rate of $45 per thousand brick laid and fifteen cents each for all blocks laid.

"A full and detailed statement and schedule of said labor and materials so furnished and performed, with the date and values thereof, is hereto attached, marked Exhibit 'A' and made a part hereof. And all said labor was performed upon, and all said materials were used in, the building of said dwelling house upon said land, pursuant to said contract and agreement. The said claimant began to perform said labor on the 31 day of Oc-

tober, 1962, and finished the same on the 5th day of April, 1963."

The plaintiff failed to file or attach to his claim any Exhibit "A" or any other statement or schedule of the labor done and the material furnished, or the values or dates thereof. However, having discovered his failure to attach Exhibit "A" or any other list or details, and none appearing otherwise in his claim of lien, the plaintiff, on October 4, 1963, filed Exhibit "A" in the Clerk's office, giving details of the work done and materials furnished. The plaintiff demanded judgment for $939.95 and that his claim be adjudged a first and prior lien on the house and lot described in Section II of his complaint.

The Whisnants failed to file answer. However, the other defendants, by answer, alleged the plaintiff completed both the work and the delivery of materials on March 25, 1963, and not on April 5, 1963, as he had alleged. The court (as judge and jury under the Small Claims Act) found the last materials were furnished and the last work done on March 25, 1963; that the plaintiff recover judgment against the Whisnants for $939.95, and that his lien for that amount filed September 6, 1963, as amended on October 4, 1963, constituted a valid and prior lien on the house and lot described in the complaint. The Sennetts excepted and appealed.

*Roberts, Frye & Booth by Leslie G. Frye and Parks Roberts for plaintiff appellee.*

*William H. Boyer, Clyde C. Randolph, Jr., for defendants Helen A. Sennett and husband, Stuart L. Sennett, appellants.*

HIGGINS, J. The appeal presents these questions of law: (1) Did the document the plaintiff filed on September 6, 1963, comply with the statutory requirement that the lien "shall be filed in detail, specifying the materials furnished or the labor performed, and the time thereof?" G.S. 44-38. (2) If the claim was invalid because of the failure to give the required details, did the amendment filed October 5, 1963, giving the details, cure the defect, amend and relate back to the September claim?

The questions of law raised in the preceding paragraph are material and arise on this record. The contract was for a part of the construction work — not for a complete job for a fixed price. *King v. Elliott,* 197 N.C. 93, 147 S.E. 701. Hence, to be valid the lien should give the details required by the statute. Without question the plaintiff did not supply these necessary details and did not file any Exhibit "A" in his claim of September 6, 1963. The claim was

incomplete and did not constitute a valid lien. *Saunders v. Wood-house,* 243 N.C. 608, 91 S.E. 2d 701; *Assurance Society v. Basnight,* 234 N.C. 347, 67 S.E. 2d 390; *Jefferson v. Bryant,* 161 N.C. 404, 77 S.E. 341; *Cook v. Cobb,* 101 N.C. 68, 7 S.E. 700; *Wray v. Harris,* 77 N.C. 77.

The court found the last work was done and the last material furnished on March 25, 1963. Time for filing a valid lien expired six months thereafter. The claim filed on September 6, 1963, was in time but was ineffective as a lien for failure to give the required details. The attempt to cure the defect by the amendment of October 4, 1963, came too late. The six months filing period had expired. The amendment came after time had run out. Under the lien statute time is material. *Jefferson v. Bryant, supra.*

The court committed error in holding that the liens filed by the plaintiff on September 6 and October 4 constituted a valid claim or lien within the provisions of G.S. 44-1, and that the lien is superior to the Sennetts' title and to the lien held by the defendants Fidelity Company, Trustee, and Piedmont Savings and Loan Association. The court likewise committed error in adjudging that the Sennetts be taxed with any part of the costs in the Superior Court.

The judgment entered below, to the extent of its conflict with this opinion, is

Reversed.