MEBANE LUMBER COMPANY v. AVERY & BULLOCK BUILDERS, INC., THADIUS A. COATES, JR., AND WIFE, DARLENE COATES; GEORGE S. GOODYEAR, TRUSTEE OF THE GOODYEAR MORTGAGE CORPORATION.

(Filed 24 May, 1967.)

**1. Pleadings § 12—**
  A demurrer admits for its purpose the truth of the facts alleged in the complaint and relevant inferences of fact deducible therefrom, but it does not admit legal inferences or conclusions.

**2. Laborers' and Materialmen's Liens § 5—**
  The claim of lien is the foundation of an action to enforce the lien, and if the claim of lien is fatally defective when filed there is no lien, and such defect cannot be cured by amendment after the filing period has expired, nor by allegations in an action to enforce the lien. G.S. 44-38, G.S. 44-39.

**3. Same—**

A claim of lien for materials furnished under an entire and indivisible contract for a specified job for a gross contract price need not itemize the materials furnished; however, if the contract is divisible, the materials furnished must be itemized in sufficient detail to put interested parties, or parties who may become interested, on notice as to the materials furnished and the time they were furnished and the amount due therefor.

**4. Same—**

Allegations that materials were furnished under an entire and indivisible contract is a mere conclusion, since whether a contract is entire or divisible must be determined by construction of the instrument.

**5. Contracts § 13—**

An entire contract is one in which all material provisions are interdependent and the consideration is entire on both sides; a severable contract is one susceptible of division and apportionment and one capable of performance in part.

**6. Laborers' and Materialmen's Liens § 5—**

A claim of lien based on separate statements respectively specifying the date materials were furnished and the amount due therefor, but describing the materials only as loads delivered on the respective dates, *held* to disclose that the materials were furnished under a severable and not an entire contract, and the materials were not itemized as required by statute for a valid lien. G.S. 44-38.

APPEAL by plaintiff from *Brock, S.J.,* February 1967 Nonjury Assigned Civil Session of WAKE.

This is a civil action to perfect a materialman's lien.

On 7 July 1966 claimant filed notice and claim of lien on real property and dwelling located in Wake County, North Carolina, for materials supplied in the construction of said dwelling. The first three paragraphs of the claim of lien give the names and addresses of the party asserting the lien and the party against whom the lien is asserted, and a description of the property on which said dwelling is located. Paragraph 4 of said notice and claim of lien reads as follows:

> "4. That the material and labor on account of which this lien is filed was furnished to and performed for said owners by said claimants under and pursuant to the terms of an entire and indivisible contract made and entered into by claimant and said owners on or about the 15 day of March, 1966 by the terms of which said claimants furnished certain materials and performed certain labor in the erection and improvement of a building and improvements upon said land, and the owners agreed to pay for the same the sums set out in 'Exhibit A' hereto attached and made a part of this notice. That said owners have not paid the full amount due on said contract for said labor and materials,

and there is still due to claimants in the sum of $5,389.68, a detailed statement showing said prices and credits being attached in 'Exhibit A'. Said labor was performed and materials furnished and use in the building and improvements upon said land owned by said owners pursuant to said contract. Claimants began to furnish said materials and to perform said labor on or about the 15 day of March, 1966, and finished the same on or about the 25 day of April, 1966, and the amount still due by said owners to claimants under said contract for which this notice is filed is $5,389.68, with interest on same from the 10th day of May, 1966."

Attached to the lien notice as a part thereof are four statements. The first of these is a total of the amounts due on the other three. The second statement, dated 15 March 1966, describes the materials supplied as "Load 1, 2, 3, 4," and shows the amount due therefor as $4,282.41.

The third statement, dated 6 April 1966, describes the materials delivered as "2/8x1/8 QH Door unit w/sill, 4/16 jamb, 3-lts/3 panel" and gives the price therefor as $36.67.

The fourth statement, dated 25 April 1966, describes the material delivered as "Load #2" and gives the price therefor as $1070.60.

Plaintiff filed complaint on 30 December 1966 alleging, in substance, the following:

That defendant Builders was in the business of constructing houses on property owned by it and then selling the property to various purchasers, and on 15 March 1966 plaintiff entered into a contract with defendant builder to supply an unassembled building consisting of pre-cut lumber, pre-hung doors, siding, flooring, roofing, nails, and other such supplies necessary in the construction of the building. Pursuant to the contract, plaintiff alleges that it supplied materials on different dates between 15 March and 25 April 1966, for a total price of $5,389.68; that plaintiff had made repeated demands on defendant Builders to pay for the material supplied, but that defendant had failed, neglected and refused to pay any amount on the sum alleged to be due; that by deed recorded 27 May 1966 defendant Builders sold and conveyed the land and house herein referred to defendants Thadius A. Coates, Jr., and his wife, Darlene Coates, who in turn had executed and delivered a deed of trust on the property described in the claim of lien and complaint to George S. Goodyear, Trustee, for the benefit of Goodyear Mortgage Corporation, and that said deed of trust was duly recorded in Book 1716, page 407, of the Wake County Registry on 27 May 1966. Plaintiff prays for judgment against each of the defendants in the sum of $5,389.68,

and further prays that the judgment be declared a lien on the property described in the complaint, from and after 15 March 1966, and that execution issue against said property to the end that the property be sold according to law.

Defendants Coates and Goodyear demurred. The demurrers were sustained by the trial judge. Plaintiff appeals.

*Sanford and Cannon for plaintiff.*

*Lassiter, Leager, Walker & Banks for defendant Goodyear, Trustee, and Goodyear Mortgage Corp.*

*Jordan, Morris & Hoke for defendants Coates.*

BRANCH, J. It is well established in this jurisdiction that for there to be an effective labor or materialman's lien relating back to the date the work was begun or the materials furnished, the claim of lien must be filed in the office of the Clerk of Superior Court of the county in which the land is located within six months from and after the date the work was completed or the materials furnished. *And the claim shall specify in detail the work done, the materials furnished, and the time thereof*, provided: if a special contract for such labor performed is made by the parties, or if such materials and labor are specified in writing, it shall be decided agreeably to the terms of the contract, provided the terms of the contract do not affect the lien for such labor performed or materials furnished. G.S. 44-38; G.S. 44-39; *Lowery v. Haithcock*, 239 N.C. 67, 79 S.E. 2d 204; *Assurance Society v. Basnight*, 234 N.C. 347, 67 S.E. 2d 390.

Whether the action was instituted within the time limit is not at issue, and plaintiff has alleged no facts tending to show a contract between it and the demurring defendants which would entitle it to a personal judgment against them. Rather, the decisive question relates to the sufficiency of the statement in the claim of lien of materials furnished. Its sufficiency is before us on defendants' demurrers.

". . . The office of a demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of factual averments well stated and such relevant inferences as may be deduced therefrom, but it does not admit any legal inferences or conclusions of law asserted by the pleader. We are required on a demurrer to construe the complaint liberally with a view to substantial justice between the parties, and every reasonable intendment is to be made in favor of the pleader. G.S. 1-151; *Barber v. Wooten*, 234 N.C. 107, 66 S.E. 2d 690; *Cathey v. Construction Company*, 218 N.C. 525, 11 S.E. 2d 571; *Joyner*

*v. Woodard,* 201 N.C. 315, 160 S.E. 288." *McKinney v. High Point,* 237 N.C. 66, 74 S.E. 2d 440.

A defect in a lien cannot be cured by amendment after the filing period has expired, nor by alleging the necessary facts in the pleadings in an action to enforce the lien. *Jefferson v. Bryant,* 161 N.C. 404, 77 S.E. 341, and *Cook v. Cobb,* 101 N.C. 68, 7 S.E. 700.

In determining the sufficiency of a claim of lien, this Court has made a distinction as to the particularity required in specifying the materials furnished, prices charged, and the time of furnishing where the claim is based on a divisible contract or open account, and where the materials or labor were contracted for as an entirety. The more particular statement is required in the case of a divisible contract or open account. However, where the contract is to *complete a building for one sum,* it is not required that the labor and materials furnished shall be itemized. *Jefferson v. Bryant, supra.* And where the plaintiff contracted to do certain work for the defendant for "a stated amount," or to furnish materials for a "gross sum," the contract is entire, and particular itemization of the claim of lien is not required, as is required for divisible contracts for materials or labor. *King v. Elliott,* 197 N.C. 93, 147 S.E. 701. However, where itemization is required, a listing of materials item by item or the labor hour by hour is not required, but there must be a substantial compliance with the statute, *i. e.,* a statement in sufficient detail to put interested parties, or parties who may become interested, on notice as to labor performed or materials furnished, the time when the labor was performed and the materials furnished, the amount due therefor, and the property on which it was employed. *Lowery v. Haithcock, supra; King v. Elliott, supra; Cameron v. Lumber Co.,* 118 N.C. 266, 24 S.E. 7; *Cook v. Cobb, supra.*

The claim of lien is the foundation of the action to enforce the lien, and if such lien is defective when filed, it is no lien. *Jefferson v. Bryant, supra.* Thus, the answer to the question presented by this appeal must be found in the claim of lien and the exhibits made a part thereof.

It is necessary to determine whether the contract which is the basis of the lien is an entire contract or a severable or divisible contract. In the case of *Wooten v. Walters,* 110 N.C. 251, 14 S.E. 734, Chief Justice Merrimon, speaking for the Court, said:

> "A contract is entire, and not severable, when by its terms, nature and purpose it contemplates and intends that each and all of its parts, material provisions, and the consideration, are common each to the other and interdependent. Such a contract possesses essential oneness in all material respects. The consid-

eration of it is entire on both sides. Hence, where there is a contract to pay a gross sum of money for a certain definite consideration, it is entire, and not severable or apportionable in law or equity. Thus, where a particular thing is sold for a definite price, the contract is an entirety, and the purchaser will be liable for the entire sum agreed to be paid. And so, also, when two or more things are sold together for a gross sum, the contract is not severable. The seller is bound to deliver the whole of the things sold, and the buyer to pay the whole price, in the absence of fraud. . . .

"On the other hand, a severable contract is one in its nature and purpose susceptible of division and apportionment, having two or more parts, in respect to matters and things contemplated and embraced by it, not necessarily dependent upon each other, nor is it intended by the parties that they shall be. Hence, an action may be maintained for a breach of it in one respect and not necessarily in another, or for several breaches, while in other material respects it remains intact. In such a contract the consideration is not single and entire as to all its several provisions as a whole; until it is performed it is capable of division and apportionment. . . . If it appear that the purpose was to take the whole or none, then the contract would be entire; otherwise, it would be severable."

It is alleged here that there was an "entire and indivisible contract." The use of the terms "entire" and "indivisible" is not an averment of fact, but is simply a statement which expresses the conclusion of the pleader. The demurrers interposed by defendants do not admit conclusions of law. *Gillispie v. Service Stores*, 258 N.C. 487, 128 S.E. 2d 762.

The claim of lien alleges that pursuant to the terms of the contract entered into between claimant and defendant, claimant furnished *certain* materials and performed *certain* labor in the erection and improvement of a building; that the owners agreed to pay sums set out in Exhibit "A" thereto attached and made a part of the notice, and that claimant began to furnish said materials and perform said labor on 15 March 1966 and finished the same on or about 25 April 1966. There is no showing that any labor was performed.

Although the record does not identify any exhibit as "Exhibit A", the exhibits in the record, when taken with and made a part of the claim of lien, do not reveal the nature of the materials furnished or when the owner agreed to pay the sums alleged to be due. Nor do they allege *facts* to show there was a contract to complete a

building for one sum or to furnish materials for a gross sum. There is no inference of a single consideration. In fact, the exhibits offered by claimant, being on different dates and for varying unidentified "loads," negative any inference of an entire contract or a complete job for a fixed price. There is nothing before the Court to make it appear that the purpose was to take the whole or none, or that there was a purpose to sell the materials as an inseparable whole. The claim of lien, including the statements attached thereto, being insufficient to show the existence of an entire and indivisible contract, it was incumbent upon plaintiff to substantially specify in detail the materials furnished, as required by G.S. 44-38. Clearly claimant has failed to comply, even substantially, with the requirements of the statute.

The judgment of the court below is

Affirmed.