F. G. JAMES v. GREENVILLE LUMBER COMPANY.

(Decided March 22, 1898.)

*Corporations—Material Furnished—Lien—Priority of Claim—Execution on Judgment for Materials.*

Where it does not appear that a steam-engine and boiler, sold and delivered to a corporation, were necessary to the conduct and continuation of its business, such machinery cannot be considered as "materials furnished" under Section 1255 of *The Code* so as to permit the mortgaged property of the corporation to be sold under execution on a judgment obtained for the price of such machinery.

CIVIL ACTION for the recovery of land tried before *Timberlake, J.*, and a jury at December Term, 1897, of PITT Superior Court. The facts are set out in the opinion. The judgment of the Justice of the Peace, on which the execution under which the sale at which plaintiff bought was issued, was as follows:

"L. C. LATHAM and HARRY SKINNER,
    trading as Latham & Skinner,
                *vs.*
THE GREENVILLE LAND AND IMPROVEMENT COMPANY.

This cause coming on for a hearing the defendants make no defence, and it appearing to the Court that the debt declared upon was for materials furnished by the plaintiffs to the defendants, to-wit, one boiler, engine and fixtures, therefore it is ordered and adjudged by the

Court that the plaintiffs recover of the defendants the sum of $185.28 for materials furnished by the plaintiffs to defendants, to-wit, one boiler, engine and fixtures, contemplated in Section 1255 of *The Code,* with interest at 6 per cent. per annum from the first day of May, 1892, until paid, together with the cost of this action.

Given under my hand and private seal this 5th day of July, 1893.

(Signed)    "B. S. SHEPARD, J. P."

There was evidence that the Greenville Land and Improvement Company used the engine, &c., in its regular business of manufacturing lumber until the sale of its property under mortgage, but there was no evidence that the machinery was necessary to keep the corporation a going concern. It was also in evidence that at the mortgage sale of the property of the Greenville Land and Improvement Company under mortgage, and before any bids were made, Mr. Harry Skinner gave notice that he had a claim against the company, and that any one who bought would buy subject thereto.

At the trial, upon conclusion of the plaintiff's testimony, the defendant demurred to the evidence under the Act of 1897, and his Honor thereupon rendered judgment for the defendant and plaintiff appealed.

*Messrs. Bond & Fleming* for plaintiff (appellant).

*Messrs. Jarvis & Blow* and *Shepherd & Busbee* for defendant.

Montgomery, J.: In May, 1892, Latham & Skinner sold and delivered to the Greenville Land and Improvement Company a steam engine and boiler at the price of $200. Afterwards the defendant, being in debt for money borrowed, executed two mortgages upon its real

property described in the complaint.     The property was
sold under the mortgages in December, 1892, and
bought by P. B. Taliaferro, who conveyed to S. C.
Hamilton, Jr., and the last named afterwards conveyed
the property to the defendant.   On the 5th of July,
1893, the plaintiff obtained a judgment in a court of a
Justice of the Peace against the Greenville Land and
Improvement Company for the price of the engine and
boiler, and the amount was declared to be for materials
furnished by the plaintiff to the company purchasers,
under Section 1255 of *The Code*..   The Justice's judg-
ment became one of the Superior Court by transcript on
July 8, 1893.   The real estate was sold under an exe-
cution issued upon the judgment, and was purchased
by the plaintiff.

The present action is for the possession of the real
estate by the plaintiff, who was the purchaser thereof
at the execution sale.   The claim of the plaintiff is that
the engine and boiler were materials furnished under
Section 1255 of *The Code*, and that the sale of the land
under the mortgages was void as to the debt due by the
Greenville Land and Improvement Company to Latham
& Skinner for the engine and boiler.

It is not claimed by the plaintiff that the sale of the
engine and boiler constituted a lien upon the land as
for materials furnished.   No lien was ever filed.   Nor
is there any claim set up by the plaintiff under Section
685 of *The Code*, for no action to enforce the collection of
the purchase price was commenced within 60 days after
the registration of the mortgages.   If the engine and
boiler can be considered as materials furnished under
Section 1255 of *The Code*, the plaintiff would be en-
titled to recover the land.   If not, then he acquired no
rights at the Sheriff's sale.   In *Coal Co.* v. *Electric*

*Light Co.*, 118 N. C., 232, it was decided that Section 1255 of *The Code*, gave no lien for materials furnished, as did Section 1781 of *The Code*, and that it was intended to give additional relief to laborers and material men who had served, or furnished material, to corporations after they had made mortgages upon their property to other creditors,—Section 685 preferring laborers and material men as to their claims prior to or at the time of the execution of the mortgages or deeds of trust.    In that case, on this subject, the Court further said:   "The object seems to have been two-fold, one to enable such concerns to continue their operations which they would probably not be able to do if it was known they had nothing out of which their employees and contractors would make their debts.   But the other and probably the principal object moving to this enactment was to give protection to this class of laborers and contractors who had contributed their labor and material to keep the concern going.   In that case the claim was for coal furnished the electric light company, and on the ground that coal was necessary to run the concern to keep it going, it was held to be embraced in the term "material furnished."   It does not appear in the present case that the engine and boiler were necessary to keep the Greenville Land and Improvement Company going. They may have facilitated the work of the company, for they were used by the company.   They may have increased its output of finished material, but they may not have been essential to the conducting and continuation of its business.   There was no error in the ruling of the Court in dismissing the action on the defendant's motion made under the Act of 1897.          No error.

Clark, J., concurring:   It seems to me that this is the test: where the material furnished to keep the busi-

ness going is something that is consumed in the use, as coal for instance, or labor performed or a *tort* committed, which are intangible and unmortgageable, or is such material as goes into and makes part of the realty or the product in such a way as to be undistinguishable from the mass, as timber put into a building, or cotton that is manufactured, these things come within the purview of the remedy provided by *The Code*, Section 1255; but where the subject matter for which the debt is incurred keeps its identity, as an engine, even though built into the wall, this section does not apply (and Section 1781 would not apply) because the party had his remedy by retaining title or taking a mortgage on the property sold.   For this reason neither Section 685, 1255 nor 1781 here apply.   *The Code*, Section 685, does not apply for the additional reason that the action was not brought within 60 days after registration of the mortgage, nor Section 1781 for the additional reason that no lien was filed.

FURCHES, J., concurs in the concurring opinion.
FAIRCLOTH, C. J., dissents.