FULP & LINVILLE ET AL. v. KERNERSVILLE LIGHT AND POWER COMPANY.

(Filed 22 November, 1911.)

**Liens—Material Men—Identity of Property—Interpretation of Statutes.**

> A line of poles, wires, and appliances carrying electricity from a dynamo to a manufacturing plant for power and lighting purposes retains its identity and therefore is not "material furnished" within the meaning of Revisal, 2016, so as to entitle the vendor to a lien upon the plant, for in such instances the vendor could retain title under a conditional sale or by a mortgage lien which would protect his debt. *Pipe Co. v. Howland*, 111 N. C., 615, cited and distinguished.

WALKER, J., dissenting.

APPEAL from *Lyon, J.,* at September Term, 1911, of FORSYTH. Appeal by Baltimore Supply Company.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*L. M. Swink for appellant.*
*T. C. Hoyle and F. P. Hobgood, Jr., for appellee.*

CLARK, C. J.  The Baltimore Supply Company furnished the defendant for its light and power plant material consisting of insulators, wires, cross-arms, transformers, locust pins, oak brackets, and other electrical supplies and equipments. The wires furnished were attached to the dynamo, but were blown down, disconnected, rolled up, and are now in the possession of the receiver in this action, which is a creditor's bill.

The appellant properly itemized its claim and filed the same, but the appellee denies that the materials are such as entitle the Baltimore Supply Company to obtain a lien under the statute, because the materials sold were not put in the plant of the Light and Power Company so as to lose their identity, but were articles which did not become a part of the building or realty, and hence were not "materials furnished" in contemplation of Revisal, 2016.

The referee found as a fact that the transformers and wire were strung on the electric light poles and that the oak brackets, locust pins, cross-arms, and other items are not shown to have become any part of the building, and held that such material did not come within the meaning and intent of the statute. This finding of fact and conclusion of law were approved by the judge. In this we find no error. *James v. Lumber Co.,* 122 N. C., 157; *Electric Co. v. Power Co., ib.,* 599. Both these cases, it is true, were under Code, 1255, now Revisal, 1131. The word "material" has been stricken out of this last section, but the construction placed upon it while it was in that section is applicable to the same word in Revisal, 2016.

In *James v. Lumber Co., supra,* it was said in the concurring opinion: "This is the test: where the material furnished to keep the business going is something that is consumed in the use, as coal, for instance, or labor performed, or a tort committed, which is intangible and unmortgageable, or is such material as goes into and makes part of the realty or the product in such a way as to be indistinguishable from the mass, as timber put into a building or cotton that is manufactured, these things come within the purview of the remedy provided by The Code, sec. 1255; but where the subject-matter for which the debt is incurred keeps its identity, as an engine, even though built into the wall, this section does not apply, because the party had his remedy by retaining title or taking a mortgage on the property sold."

In *Electric Co. v. Power Co.,* 122 N. C., 599, the above was approved, the Court saying that articles perfect in themselves and not put into a building so as to lose their identity would not constitute "material" upon which the seller would have

priority over mortgage bonds, since the seller could "protect himself by retaining title, as by conditional sale or by taking a mortgage on the property sold."

The reasoning in the above cases, though upon a different section of the Revisal, applies to this. In *Pipe and Foundry Co. v. Howland,* 111 N. C., 615, relied on by the appellant, the point decided was that the property of a corporation chartered for supplying water to a city is subject to a lien for materials furnished. It was admitted that the claim was sufficient in its form and in its nature to make it a lien, and the question whether the "materials furnished" were such for which a lien would lie was not before the Court.

The judgment is
Affirmed.

WALKER, J., dissents.