CONTRACT STEEL SALES, INC. v. FREEDOM CONSTRUCTION COMPANY AND E. I. Du PONT DE NEMOURS AND COMPANY

No. 8618SC599

(Filed 3 March 1987)

**1. Laborers' and Materialmen's Liens § 3— furnishing of materials—definition**

Materials are furnished within the meaning of N.C.G.S. § 44A-18 if pursuant to a subcontract a subcontractor delivers materials to the site of improvement to real property.

**2. Laborers' and Materialmen's Liens § 3— materials furnished to job site by subcontractor—sufficiency of findings**

The trial court's findings established that plaintiff, pursuant to a subcontract with defendant general contractor, furnished materials to the site of improvement to real property where the court found that plaintiff delivered the amount of material which was required by the subcontract; defendant owner employed inspectors who knew that the material had been delivered to the job site; and some of the material furnished by plaintiff was actually incorporated into the building in question.

**3. Laborers' and Materialmen's Liens § 4— lien of subcontractor—notice to owner of claim—sufficiency**

Plaintiff, a first tier subcontractor, substantially complied with the requirements of N.C.G.S. § 44A-19 for giving adequate notice of a claim of lien by writing to defendant owner a letter which specifically stated that it was a notice of claim of lien and which included all the statutorily required information, though it was not in the form set out by the statute.

APPEAL by plaintiff from *John, Judge*. Judgment entered 4 April 1986 in Superior Court, GUILFORD County. Heard in the Court of Appeals 12 November 1986.

In this action plaintiff, Contract Steel Sales, Inc., seeks to enforce a lien against funds owed by defendant E. I. Du Pont De Nemours and Company (hereinafter Du Pont) to defendant Freedom Construction Company (hereinafter Freedom).

On 18 April 1984, plaintiff filed its complaint against defendants. There were two claims for relief upon which plaintiff's complaint was based. The first claim for relief alleged that on 20 July 1983 plaintiff and Freedom entered into an agreement whereby plaintiff "was to fabricate and furnish steel for use by Freedom in the construction of the MMF Process Building at a plant owned by defendant E. I. Du Pont De Nemours and Company in Bladen County, North Carolina." Plaintiff further alleged that it had per-

formed its agreement by delivery of the steel to the site, but Freedom breached the agreement by refusing to pay $50,008.91 owed to plaintiff.

The second claim for relief in plaintiff's complaint was a claim against Du Pont. Plaintiff alleged that "sums in excess of $50,008.91 are being retained by Du Pont and are owed by Du Pont to Freedom arising out of Freedom's general construction work and materials furnished to the Project." Plaintiff alleged that pursuant to G.S. 44A-19, a notice of claim of lien was forwarded to Du Pont. Plaintiff alleged that a copy of the notice of claim of lien was attached to the complaint and was incorporated into the complaint. Attached to plaintiff's complaint was a letter dated 6 December 1983 from plaintiff addressed to Du Pont. Plaintiff alleged that it had perfected a lien, pursuant to its notice of claim of lien, on any sums owed by Du Pont to Freedom or on sums received by Freedom after receipt of said notice by Du Pont. Plaintiff pleaded in the alternative that pursuant to G.S. 44A-20 Du Pont was personally liable to plaintiff in the amount of $50,008.91 plus interest because after receipt of plaintiff's notice of claim of lien, Du Pont paid to Freedom all of the amounts that Du Pont was retaining. Attached to plaintiff's complaint was a claim of lien on property encompassing the project which plaintiff, pursuant to G.S. 44A-12, had filed in Bladen County, North Carolina.

Defendants answered plaintiff's complaint. Freedom denied that plaintiff had performed its agreement. Freedom specifically pleaded that "the product delivered by Contract Steel was unacceptable in that said product breached [sic] its warranty of fitness for a particular purpose and warranty of merchantability as described under the uniform commercial code as adopted in the State of North Carolina." Du Pont generally denied all allegations that it had received a notice of a claim of lien from plaintiff.

On 18 July 1984, defendants amended their answer and filed a counterclaim against plaintiff. Freedom claimed as a direct and proximate result of Contract Steel's breach of an express warranty Freedom had incurred incidental and consequential damages. Du Pont claimed that Du Pont sustained damages for increased labor expenses incurred due to the delay in completing the building as a result of Contract Steel's breach of the contract and Con-

tract Steel's negligence. Contract Steel replied to Freedom and Du Pont's counterclaim and pursuant to Rule 12(b)(6), N.C. Rules Civ. P. made a motion to dismiss the counterclaim.

On 27 March 1986, the parties agreed to stipulations of fact and agreed "to waive a jury trial as to the issues of whether the letter mailed by Contract Steel on December 6, 1983 to Du Pont is a valid notice of claim of lien under N.C.G.S. Sec. 44A-19 and whether Contract Steel is entitled to a lien under the provisions of Part II, Article II, Chapter 44A, North Carolina General Statutes." On 4 April 1986, the trial court, sitting without a jury, after hearing the matter, made findings of fact, conclusions of law and entered judgment in favor of defendants. Plaintiff appeals.

*Foster, Conner, Robson & Gumbiner, P.A., by Eric C. Rowe and Richard D. Conner, for plaintiff appellant.*

*Smith, Helms, Mulliss & Moore, by Robert A. Wicker and Catherine C. Eagles, for defendant appellees.*

JOHNSON, Judge.

It is not disputed that plaintiff is a first tier subcontractor within the meaning of G.S. 44A-17(2) or that Du Pont is an owner obligor as defined by G.S. 44A-17(3), by virtue of funds that were owed to Freedom, the general contractor.

The two primary questions argued on appeal are (1) whether plaintiff furnished materials at the site of improvement to Du Pont's real property as contemplated by G.S. 44A-18(1), and (2) whether plaintiff's letter, dated 6 December 1983, substantially complied with the requirement of notice as stated in G.S. 44A-19.

If plaintiff, as a first tier subcontractor, furnished materials at the site of improvement then the lien granted pursuant to G.S. 44A-18(1), was perfected upon plaintiff giving written notice, as required by G.S. 44A-19, to Du Pont. Upon Du Pont's receipt of the requisite written notice, Du Pont was under a duty, pursuant to G.S. 44A-20, to retain any funds subject to plaintiff's lien. Du Pont, pursuant to G.S. 44A-20(b), would be personally liable to plaintiff for any payments Du Pont made to Freedom after receipt of plaintiff's notice of claim of lien.

I

[1]   We first address the question of whether plaintiff, pursuant to a contract with Freedom, a general contractor, furnished materials at the site of improvement to Du Pont's real property. We hold that plaintiff furnished materials at the site of improvement to Du Pont's real property as called for by the contract between plaintiff and Freedom. We express no opinion on the main issues preserved for trial by jury, to wit: (1) whether plaintiff is entitled to recover against either defendant Du Pont or defendant Freedom pursuant to the subcontract between plaintiff and defendant Freedom, and (2) whether the steel fabricated pursuant to the subcontract was defective or properly rejected by defendants.

The statute, G.S. 44A-18(1), by which plaintiff seeks to assert its lien, states the following:

> (1) A first tier subcontractor who furnished labor or materials at the site of improvement shall be entitled to a lien upon funds which are owed to the contractor with whom the first tier subcontractor dealt and which arise out of the improvement on which the first tier subcontractor worked or furnished materials.

G.S. 44A-18(1).

In *Raleigh Paint and Wallpaper Co. v. Peacock & Associates, Inc.*, 38 N.C. App. 144, 247 S.E. 2d 728 (1978), *disc. rev. denied*, 296 N.C. 415, 251 S.E. 2d 470 (1979), this Court held that G.S. 44A-18 did not require a lien claimant who contracted with an owner to personally deliver materials to the site of improvement. Recently, this Court followed the example set in *Raleigh Paint, supra*, and made an exhaustive inquiry to determine whether the General Assembly intended that G.S. 44A-18 require a subcontractor to personally deliver materials to the site of improvement. *See generally, Queensboro Steel Corp. v. East Coast Machine & Iron Works, Inc.*, 82 N.C. App. 182, 346 S.E. 2d 248 (1986). In *Queensboro Steel Corp., supra*, this Court held the following:

> We now hold there is no such requirement under G.S. Sec. 44A-18. If a third tier subcontractor delivers to a second tier subcontractor with the intent that the materials ultimately *be delivered* at the site, and the materials are actually delivered at the site, the third tier subcontractor has a lien

on the funds owed to the second tier subcontractor for those materials.

*Queensboro Steel Corp., supra*, at 191, 346 S.E. 2d at 254 (emphasis supplied). Although the holding in *Queensboro Steel Corp., supra*, is not dispositive of the case *sub judice* this Court did review relevant case law, legislative history, and legal commentary from which we may draw guidance.

[2] This Court in *Queensboro Steel Corp., supra*, noted the following: "[t]he term 'furnish' is used in almost every State's mechanics' lien statute. Annot., 32 A.L.R. 4th 1130, 1135 (1984). It is a 'key concept,' sometimes 'imposing a less stringent requirement.'" *Id. Queensboro Steel Corp., supra*, at 186, 346 S.E. 2d at 251. The meaning of furnish as construed by this Court is to supply, provide or equip. *Id.* at 185-86, 346 S.E. 2d at 250. This Court in *Queensboro Steel Corp., supra*, noted the following pertinent observation:

> In contrast to the State rules discussed in Annot., 32 A.L.R. 4th 1130, 1164-68, Secs. 11-13 (1984) and Annot., 39 A.L.R. 2d 394, 435-49, Secs. 11-16 (1955), North Carolina's current mechanics' and materialmen's lien statutes apparently do not require actual incorporation of materials into the improvement, even when the materials are furnished to a subcontractor. *See* Urban & Miles, *supra*, at 303-04, 354-55. *But see Fulp & Linville v. Kernersville Light and Power Company*, 157 N.C. 154, 72 S.E. 869 (1911) (interpreting an older statute that has since been repealed). In some states, proof of actual use is required when the materials are delivered to a contractor or subcontractor rather than directly to the owner. This protects the owner against liens based on materials that are never actually delivered and of which the owner has no notice. This function is served in our State, at least in part, by the requirement that the materials be delivered at the site, whether by the lien claimant or by another party.

*Queensboro Steel, supra*, at 190, 346 S.E. 2d at 253. We hereby adopt the reasoning in *Queensboro Steel, supra*, and hold that materials are furnished within the meaning of G.S. 44A-18 if pursuant to a subcontract a subcontractor delivers materials to the site of improvement to real property.

Bearing the foregoing in mind we now turn to the trial court's pertinent findings of fact to determine if they support a conclusion of law that plaintiff did not furnish materials to the site of improvement. The trial court's conclusion of law number 2 that "Contract Steel is not entitled to a lien on the funds or on the real property owned by Du Pont" indicates that the court concluded that plaintiff had not furnished materials at the site of improvement.

The trial court, sitting as the trier of fact, in pertinent part, made the following findings of fact:

4. In August and September, 1983, Contract Steel delivered reinforcing Steel to the jobsite. Some of these items, consisting of wire mesh and rebar, were incorporated into the improvement, and Contract Steel was paid $1,600. On September 6 and 15, angle frames, regalvanized angle frames and galvanized field bolts were delivered to the jobsite. On September 22, 1983, one load of galvanized structural steel was delivered to the jobsite. The total amount of the structural and fabricated miscellaneous steel at the jobsite on September 22, as a result of the deliveries on September 6, 15 and 22, was approximately 14 tons.

5. On September 28, 1983, the approximately 14 tons of steel was inspected at the site by a quality assurance inspector for Du Pont. Du Pont's inspector then inspected the remaining 9 tons of steel under the subcontract at the galvanizing plant in Aberdeen, North Carolina. The approximately 14 tons of steel were not accepted by Freedom and were refused for alleged defects. The approximately 14 tons of steel and the approximately 9 tons of steel were returned to Contract Steel's plant in Staley, North Carolina, for reworking. Staley, North Carolina, is located more than 80 miles from the jobsite. In connection with inspection of the steel, Du Pont's quality assurance inspector traveled to Staley, North Carolina.

6. On November 7, 1983, *approximately 14 tons of structural and fabricated miscellaneous steel were delivered to the jobsite.* On November 8, 1983, *the remaining approximately 9 tons of steel under the contract were taken from the galvanizing plant to the jobsite.* On November 8, 1983, Du Pont

and Freedom refused to accept the steel and so notified Contract Steel.

(Emphasis supplied.)

Three things are clear from the trial court's findings set forth hereinabove. First, plaintiff delivered the amount of material that was required by the subcontract. Second, Du Pont employed inspectors who knew that the material had been delivered to the job site. And third, some of the material furnished by plaintiff was actually incorporated into the MMF Process Building. The trial court's findings establish that plaintiff, pursuant to a subcontract with Freedom, furnished materials to the site of improvement to the real property improved. Therefore, pursuant to G.S. 44A-18, plaintiff was entitled to a lien upon funds owed by Du Pont to Freedom. This was true "whether or not amounts are due and whether or not performance or delivery is complete." G.S. 44A-18(5). Plaintiff's lien was perfected "upon giving of notice in writing to the obligor as hereinafter provided and shall be effective upon the receipt thereof by such obligor." G.S. 44A-18(6).

II

[3]  Our second line of inquiry is whether plaintiff, a first tier subcontractor, substantially complied with the requirements of G.S. 44A-19 for giving adequate notice of a claim of lien. We hold that plaintiff substantially complied with G.S. 44A-19.

In pertinent part G.S. 44A-19 states the following:

44A-19. Notice to obligor.

(a) Notice of a claim of lien shall set forth:

(1) The name and address of the person claiming the lien,

(2) A general description of the real property improved,

(3) The name and address of the person with whom the lien claimant contracted to improve real property,

(4) The name and address of each person against or through whom subrogation rights are claimed,

(5) A general description of the contract and the person against whose interest the lien is claimed, and

(6) The amount claimed by the lien claimant under this contract.

(b) All notices of claims of liens by first, second or third tier subcontractors must be given using a form substantially as follows:

NOTICE OF CLAIM OF LIEN BY
FIRST, SECOND OR THIRD TIER SUBCONTRACTOR

To:

1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . ., owner of property involved.
        (Name and address)

2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ., general contractor.
        (Name and address)

3. . . . . . . . . . . . . . . . . . . . . . . . . ., first tier subcontractor against
        (Name and address)
or through whom subrogation is claimed, if any

4. . . . . . . . . . . . . . . . . . . . . . . ., second tier subcontractor against
        (Name and address)
or through whom subrogation is claimed, if any

General description of real property where labor performed or material furnished:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

General description of undersigned lien claimant's contract including the names of the parties thereto: . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

        The amount of lien claimed pursuant to the above described contract:                    $ . . . . . . . . . . . .

        The undersigned lien claimant gives this notice of claim of lien pursuant to North Carolina law and claims all rights of subrogation to which he is entitled under Part 2 of Article 2 of Chapter 44A of the General Statutes of North Carolina.

Dated . . . . . . . . . .                    . . . . . . . . . ., Lien Claimant

                                   . . . . . . . . . . . . . . . . . . . . . . . .
                                              (Address)

The 6 December 1986 letter by which plaintiff claims to have notified Du Pont that plaintiff was claiming a lien states the following:

Dupont Company
P. O. Drawer Z
Fayetteville, N.C. 28302

Re: Dupont Co.
MMF Process Building
Fayetteville, N.C.

Gentlemen:

Pursuant to our agreement with Freedom Construction Co., 315 S. Moore St., Sanford, N. C. to furnish structural, fabricated miscellaneous steel and reinforcing steel for the Dupont Co. MMF Process Building, Fayetteville, N. C. we have on November 7, 1983 actually furnished to the job site all structural steel.

The amount of $50,008.91 remaing [sic] due and owing to us and Freedom Construction Co. has in our opinion, wrongfully refused payment. Please take notice that we hereby claim a lien in any and all funds owing from you to Freedom Const. to the extent of $50,008.91 and claim and reserve all of our rights under Chapter 44A of the North Carolina General Statute.

On receipt of this notice of claim of lien please confirm to us in writing that such funds have been withheld from Freedom Const. Co.

While we deem this action unfortunate in view of our desire to maintain our working relationship with you, we are taking this action in a timely manner to protect our legal right, and hope that a prompt settlement will be made. You will find attached a copy of our letter to Freedom Const. Co.

Very truly yours,

CONTRACT STEEL SALES, INC.

Philip A. Hutson
President

Encl.

cc: Freedom Const. Co.

Contract Steel Sales, Inc. v. Freedom Construction Co.

In support of its conclusion of law that the letter set forth, hereinabove, did not substantially comply with the notice requirements of G.S. 44A-19, the trial court made the following findings of fact:

12. The letter (a) is not labeled as a 'Notice of Claim of Lien,'

(b) is not separated into paragraphs numbered 1 through 4,

(c) does not indicate on the signature line that it is being signed by a 'Lien claimant,' and

(d) does not list the address of the lien claimant at the end of the letter, although the letter was sent on stationery of Contract Steel, whose address and telephone number appear on the letterhead.

13. The letter was sent to 'Du Pont Company, P. O. Drawer Z, Fayetteville, North Carolina, 28302,' and refers to the real property as 'the Du Pont Co., MMF Process Building, Fayetteville, N. C.'

The trial court's findings of fact, with the exception of finding of fact number 13, pertain to the form of plaintiff's notice of a claim of lien and not its substance. Finding of fact 12(a) is directly attributable to the form's caption as set forth in G.S. 44A-19. Plaintiff's letter clearly stated that Du Pont was to "take notice that we hereby claim a lien." Moreover, the exact statutory language was utilized in paragraph five as follows: "On receipt of this *notice of claim of lien* please confirm to us in writing that such funds have been withheld from Freedom Const. Co." (Emphasis supplied.) Although, as the trial court found as fact, plaintiff's notice of claim of lien "is not separated into paragraphs numbered 1 through 4," we do not deem this deviation to be fatally deficient. Plaintiff's notice of a claim of lien informed Du Pont that plaintiff was thereby claiming a lien and said notice was signed by Philip A. Hutson in his capacity as president of the corporate plaintiff. Therefore, we deem that it was sufficiently indicated by plaintiff's notice of a claim of lien that said notice was signed by a lien claimant. The trial court also found that although plaintiff's address appeared on its business stationery the letter "does not list the address of the lien claimant at the end of the letter." We hold that this finding does not warrant a conclusion of

law that plaintiff's notice did not substantially comply with G.S. 44A-19.

Defendants argue and the trial court agreed that plaintiff failed to substantially comply with G.S. 44A-19(a)(3) by not setting forth a general description of the real property improved. Plaintiff's letter describes the subject real property as follows: "Dupont Co. MMF Process Building, Fayetteville, N.C." We conclude that the foregoing description substantially complies with G.S. 44A-19(a)(3) by serving the purpose of giving Du Pont, the owner of the real property involved, sufficient notice of the real property being improved. Du Pont argues that the subject real property is actually located more than sixteen (16) miles away from Fayetteville, North Carolina. Therefore, defendants argue, "[a]lthough the plant has a Fayetteville, North Carolina post office or mailing address, the mailing address is not what is required by the statute." We find this argument unpersuasive. The purpose of G.S. 44A-19 is to provide the obligor with notice. Defendants do not seriously dispute the fact that there has never been any question about what real property plaintiff referred to in its notice of claim of lien. Moreover, we note that Du Pont had actual notice of the real property referred to by plaintiff by virtue of Du Pont's employees inspecting the steel furnished by plaintiff at the site of improvement.

We reject Du Pont's invitation to analogize the case *sub judice* to cases where a contractor may actually file a lien against real property instead of against funds owed by the obligor. *See Mebane Lumber Co. v. Avery & Bullock Builders, Inc.*, 270 N.C. 337, 154 S.E. 2d 665 (1967). *See also Neal v. Whisnant*, 266 N.C. 89, 145 S.E. 2d 379 (1965); *Lowery v. Haithcock*, 239 N.C. 67, 79 S.E. 2d 204 (1953). The notice of claim of lien filed by plaintiff is for the purpose of giving the owner obligor notice. The notice is not intended to protect innocent third parties and does not affect the title to the real property being improved. Plaintiff's notice of claim of lien fulfilled the purpose of G.S. 44A-19. Du Pont's employees even referred to the location of site of improvement as the "Fayetteville work site." There was only one building at the "Fayetteville work site" designated as the "MMF Process Building."

In conclusion we hold that the trial court's findings do not support its conclusion of law that plaintiff's "letter dated December 6, 1983, does not substantially comply with the requirements of G.S. 44A-19, and does not constitute a valid notice of claim of lien." To the contrary, plaintiff's letter, set forth hereinabove, does as a matter of law substantially comply with the notice requirements set forth in G.S. 44A-19.

Because plaintiff was entitled to a lien and perfected that lien, the judgment must be reversed. Therefore, the cause is remanded so that a trial may be had on those issues that were stipulated to by the parties as preserved for a trial by jury.

Reversed and remanded.

Judges ARNOLD and EAGLES concur.