CAMERON & BARKLEY COMPANY, Plaintiff v. THE AMERICAN INSURANCE COMPANY; McDEVITT & STREET COMPANY; PLEASANT VALLEY, a California Limited Partnership; MARRIOTT CORPORATION; BLAINE HAYS CONSTRUCTION COMPANY; and ROPER ELECTRIC CONTRACTORS, INC., Defendants

No. 9210SC302

(Filed 21 September 1993)

**Liens § 35 (NCI4th)— lien of second tier subcontractor—failure of notice to name general contractor or show tiered relationships—notice insufficient**

The trial court properly determined that the "Claim of Lien and Notice of Claim of Lien" filed and served by plaintiff, a second tier subcontractor, failed to comply with the notice requirements of N.C.G.S. § 44A-19 and -23, since the statutory form is replete with references to the fact that a subcontractor is claiming a lien by way of subrogation; plaintiff's "Notice" was not titled in a manner which made it unmistakable from

the outset that the lien was being claimed by way of subrogation, or by a subcontractor; plaintiff never named defendant general contractor in its "Notice" and did not make specific reference to the relationships connecting the landowner, general contractor, subcontractor, and plaintiff; and a claim of lien which is intended to place the world on notice of the claim must clearly delineate the tiered relationships in which the claimant is involved so that the owner may understand how the claim has arisen and so that a title searcher may ascertain which entities are potential claimants and how each is connected to the real estate.

**Am Jur 2d, Mechanics' Liens §§ 171-173, 210, 219.**

Appeal by plaintiff from Memorandum of Decision entered 30 December 1991 and from order entered 31 January 1992 by Judge Henry V. Barnette, Jr. in Wake County Superior Court. Heard in the Court of Appeals 11 February 1993.

*Smith, Debnam, Hibbert & Pahl, by Bettie Kelley Sousa and Elizabeth B. Godfrey, for plaintiff-appellant.*

*Petree, Stockton & Robinson, by J. Anthony Penry, for defendant-appellees.*

JOHN, Judge.

Plaintiff appeals an order granting summary judgment to defendants Blaine Hays Construction Company (Blaine Hays) and Marriott Corporation (Marriott) and denying its own motion for summary judgment. Plaintiff contends the trial court erred by ruling the "Claim of Lien and Notice of Claim of Lien" filed and served by plaintiff failed to comply with the notice requirements established in Article 2 of Chapter 44A of the North Carolina General Statutes, specifically those designated in N.C.G.S. § 44A-19 (1989). We disagree.

In particular, plaintiff, a second tier subcontractor, questions the court's reading of the applicable sections of the statutory scheme. It asserts the notice requirements for the type of lien involved herein are controlled by N.C.G.S. § 44A-12 (1989), and that its "Claim of Lien and Notice of Claim of Lien" substantially complied therewith. Plaintiff therefore alleges its lien was perfected and its suit for enforcement timely filed, making it error for the court

to have granted defendants' motion for summary judgment. Moreover, plaintiff contends defendants' affidavit opposing plaintiff's motion for summary judgment did not address or refute with sufficient specificity each point addressed in plaintiff's affidavit supporting its motion. As a result, plaintiff requests we not only reverse the order of summary judgment in favor of defendants, but also grant plaintiff's motion for partial summary judgment regarding particular factual allegations in its affidavit. We hold the trial court correctly construed the relevant statutes in determining plaintiff failed to provide proper notice of its claim of lien, and therefore affirm.

Pertinent facts include the following: in June 1987, Blaine Hays entered into a contract with Marriott for the construction of a Courtyard motel on a tract of real property owned by Marriott and located in Cary, North Carolina. In its capacity as general contractor for the project, Blaine Hays contracted out certain electrical work to a first tier subcontractor, Roper Electric Contractors, Inc. (Roper). Roper ordered from plaintiff electrical supplies and materials to be incorporated into the Courtyard project.

Plaintiff allegedly delivered, pursuant to its agreement with Roper, $63,919.78 worth of supplies and materials to the Courtyard construction site between 28 September 1987 and 5 January 1988. Roper subsequently abandoned work on the project, failed to compensate plaintiff, and filed for bankruptcy on 24 February 1988.

On 26 February 1988 plaintiff filed with the Wake County Clerk of Superior Court a document entitled "Claim of Lien and Notice of Claim of Lien" against the real property owned by Marriott, and served copies on Marriott, Blaine Hays, and Roper. Plaintiff thereafter sought to enforce its purported lien by filing a complaint on 17 May 1988, setting forth claims based on a lien on any funds owed by Blaine Hays to Roper, pursuant to N.C.G.S. § 44A-18(2) (1989), and on a lien upon the improved real estate by way of subrogation to any lien rights of Blaine Hays against Marriott, pursuant to N.C.G.S. § 44A-23 (1989 & Cum. Supp. 1992).

Defendants denied liability in their jointly-filed answer. On 1 November 1989, Blaine Hays filed a surety bond in the amount of $79,899.73, conditioning payment upon a finding the purported lien was properly noticed and perfected. Plaintiff and defendants filed cross-motions for summary judgment, and a hearing was held on 12 November 1991. The court issued a memorandum of decision,

CAMERON & BARKLEY CO. v. AMERICAN INSURANCE CO.

[112 N.C. App. 36 (1993)]

memorialized by order dated 3 February 1992, which denied plaintiff's motion and granted that of defendants.

The court's order reasoned the document filed by plaintiff did not comply with the notice requirements of G.S. § 44A-23. Additionally, the court held plaintiff's lien on funds also failed because no money was owing from Blaine Hays to Roper at the time plaintiff's "Notice" was filed. Plaintiff appeals only that portion of the order granting defendants summary judgment on plaintiff's claim to a lien by way of subrogation, foregoing its claim to a lien on funds.

I.

Plaintiff first maintains the trial court committed reversible error by granting defendants' motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. Summary judgment is designed to "ferret out those cases in which there is no genuine issue as to any material fact and in which, upon such undisputed facts, a party is entitled to judgment as a matter of law." *Haithcock v. Chimney Rock Co.*, 10 N.C. App. 696, 698-99, 179 S.E.2d 865, 867 (1971). The movant bears the burden of establishing that no genuine issue of material fact exists, and may carry that burden by "proving that an essential element of the opposing party's claim is non-existent." *Executive Leasing Assocs., Inc. v. Rowland*, 30 N.C. App. 590, 592, 227 S.E.2d 642, 644 (1976) (citation omitted).

In support of its motion below, defendants argued plaintiff's lien was improperly noticed, was thus not perfected, and therefore plaintiff could not bring an action against defendants seeking enforcement of the alleged lien. The court agreed with defendants, stating in its order:

> The claim of lien and notice of claim of lien filed and served by plaintiff fail to comply with the provisions of Chapter 44A . . . regarding liens by subrogation. Plaintiff failed to give proper notice of its claim of lien, in accordance with Article 2 of Chapter 44A, as required by . . . 44A-23. That being the case, plaintiff's lien perfection action must fail as a matter of law.

A claim of lien must be properly noticed and properly filed, in order for the underlying lien to be perfected. If a lien is not per-

fected, it cannot be enforced. *Strickland v. General Bldg. & Masonry Contractors, Inc.*, 22 N.C. App. 729, 731, 207 S.E.2d 399, 400 (1974).

We note G.S. § 44A-23 was amended in 1991; however, the newer version of the statute is applicable only to actions filed on or after 22 July 1992. As plaintiff filed suit on 17 May 1991, the language of G.S. § 44A-23 in effect at that time controls, and provides as follows:

> A . . . second . . . tier subcontractor, *who gives notice as provided in this Article*, may, to the extent of his claim, enforce the lien of the contractor created by Part 1 of Article 2 of this Chapter. The manner of such enforcement shall be as provided by G.S. 44A-7 through 44A-16. The lien is perfected as of the time set forth in G.S. 44A-10 upon filing of claim of lien pursuant to G.S. 44A-12. Upon the filing of the notice and claim of lien and the commencement of the action, no action of the contractor shall be effective to prejudice the rights of the subcontractor without his written consent.

G.S. § 44A-23 (1989) (emphasis added).

Plaintiff insists the notice requirements set out in G.S. § 44A-12 apply to a lien sought by way of subrogation to the lien rights of a contractor who deals directly with the owner, as provided for in G.S. § 44A-23. It relies upon this language of the latter section: "filing of claim of lien pursuant to G.S. 44A-12." Plaintiff further contends the instrument filed on 26 February 1988 substantially complied with the form set out in G.S. § 44A-12, in that it included all information required therein. "[D]eviation from a statutory form is permissible so long as the content set out in the form is present." *Contract Steel Sales, Inc. v. Freedom Construction Co.*, 321 N.C. 215, 223, 362 S.E.2d 547, 552 (1987). Therefore, plaintiff continues, it has at once properly noticed and perfected its lien. However, plaintiff confuses the requirements for *notice* and for *filing* specified in G.S. § 44A-23.

Assuming *arguendo* that plaintiff's "Claim of Lien and Notice of Claim of Lien" is in substantial compliance with the form specified in G.S. § 44A-12, we nonetheless observe the *Contract Steel* case cited by plaintiff concerns a *lien upon funds* under G.S. § 44A-18. With respect to a lien by way of subrogation to the lien rights of the general contractor against the owner's real property pur-

suant to G.S. § 44A-23, however, another statutory section governs notice requirements.

The italicized words in G.S. § 44A-23 above direct notice must be given "as provided in this Article." Because the General Assembly grouped certain statutory sections within the same portion of Article 2, they are to be construed *in pari materia. Electric Supply Co. of Durham, Inc. v. Swain Elec. Co., Inc.,* 328 N.C. 651, 658, 403 S.E.2d 291, 295-96. The *only* section of Part 2, Article 2 of Chapter 44A addressing the giving of notice is G.S. § 44A-19. It provides:

(a) Notice of a claim of lien *shall* set forth:

    (1) The name and address of the person claiming the lien,

    (2) A general description of the real property improved,

    (3) The name and address of the person with whom the lien claimant contracted to improve real property,

    (4) *The name and address of each person against or through whom subrogation rights are claimed,*

    (5) A general description of the contract and the person against whose interest the lien is claimed, and

    (6) The amount claimed by the lien claimant under his contract.

(b) All notices of claims of liens by first, second or third tier subcontractors *must* be given using a form substantially as follows:

**NOTICE OF CLAIM OF LIEN BY
FIRST, SECOND OR THIRD TIER SUBCONTRACTOR**

To:

1. ...................., owner of property involved.
    (Name and address)

2. ...................., general contractor.
    (Name and address)

3. ...................., first tier subcontractor against
    (Name and address)   or through whom subrogation
is claimed, if any.

CAMERON & BARKLEY CO. v. AMERICAN INSURANCE CO.

[112 N.C. App. 36 (1993)]

4. ...................., second tier subcontractor
    (Name and address) against or through whom
    subrogation is claimed, if any.

General description of real property where labor per-
formed or material furnished:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

General description of undersigned lien claimant's contract
including the names of the parties thereto: . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

The amount of lien claimed pursuant to the above de-
scribed contract:                    $ . . . . . . . . . . . . . . . .

The undersigned lien claimant gives this notice of
claim of lien pursuant to North Carolina law and claims
all rights of subrogation to which he is entitled under
Part 2 of Article 2 of Chapter 44A of the General Statutes
of North Carolina.

Dated . . . . . . . . . . . . . .

                                . . . . . . ., Lien Claimant

                                . . . . . . . . . . . . . . . . . . . . . .
                                (Address)

G.S. § 44A-19 (emphasis added).

Under this statute, therefore, in order to provide proper notice
to the owner of the property, it is mandatory that a claimant
set forth with specificity the information required by each part
of subsection (a) above listed. Moreover, in so doing, there must
be substantial compliance with the given statutory form. *Contract
Steel Sales, Inc. v. Freedom Construction Co.*, 84 N.C. App. 460,
466, 353 S.E.2d 481, 422, *aff'd*, 321 N.C. 215, 362 S.E.2d 547 (1987).

We now contrast the precise language of the "Claim of Lien
and Notice of Claim of Lien" filed by plaintiff with the wording
of the form included within G.S. § 44A-19. Plaintiff's document
stated the following:

**CAMERON & BARKLEY CO. v. AMERICAN INSURANCE CO.**

[112 N.C. App. 36 (1993)]

CLAIM OF LIEN AND NOTICE OF CLAIM OF LIEN

. . .

NOW COMES Cameron & Barkley Company and provides the following Notice of Claim of Lien.

1. Name and address of the person claiming the lien:

   Cameron & Barkley Company, 2864 Azalea Dr., Box 10067, Charleston, SC 29411.

2. Name and address of the record owner of the real property claimed to be subject to the lien at the time the claim of lien is filed:

   Marriott Corporation, Marriott Drive, Washington, D.C. 20058

3. Name and address of the general contractor or subcontractor against or through whom subrogation is claimed, if any:

   Roper Electrical Company, P.O. Box 5662, Sta B, Greenville, SC 29605

4. Description of the real property upon which the lien is claimed:

   Courtyard by Mariott [sic], 102 Edinburgh, South, Cary, NC 27511

5. Description of the lien claimant's contract including the names of the parties thereto:

   Cameron & Barkley contracted with Roper Electrical Co. to provide electrical equipment to be used for the improvement of real property described above.

6. Name and address of the person with whom the claimant contracted for the furnishing of labor or materials:

   Roper Electrical Company, P.O. Box 5662, Sta B, Greenville, SC 29605

7. Date upon which labor or materials were first furnished upon said property by the claimant:

Electrical supplies and materials were first furnished by Cameron & Barkley on September 28, 1987.

8. Date upon which labor or materials were last furnished upon said property by the claimant:

Electrical supplies and materials were last furnished by Cameron & Barkley on January 5, 1988.

9. General description of the labor performed or materials furnished:

Electrical supplies and materials

10. Amount claimed by lien claimant:

$63,919.78,

This the 23 day of February, 1988.

With respect to liens against real property by way of subrogation to the lien rights of the general contractor, "substantial compliance" with the statutory form requires more than plaintiff has provided herein. This is particularly so because the form is replete with references to the fact a *subcontractor* is claiming a *lien by way of subrogation*. We hold plaintiff's notice of claim of lien is inadequate to convey the notice required by G.S. § 44A-19.

Preliminarily, plaintiff's "Notice" is not titled in a manner which makes it unmistakable from the outset the lien is being claimed by way of subrogation, or by a subcontractor. Instead it reads: "CLAIM OF LIEN AND NOTICE OF CLAIM OF LIEN."

Next, plaintiff never names Blaine Hays. G.S. § 44A-19(a)(4) renders it mandatory that the name(s) of each entity through whom subrogation is claimed be provided. The statutory form clearly lists all parties in the construction chain in descending order (designated in 1.-4. above), thereby linking the owner of the property to the second tier subcontractor. Although plaintiff indicates the owner as Marriott Corporation, it fails to specify Blaine Hays as the general contractor. Nowhere is a direct statement that plaintiff is a second tier subcontractor, hired by merit of the underlying contract between Marriott and Blaine Hays. Indeed, there is scant mention of subrogation at all, and no specific reference to the relationships connecting Marriott to Blaine Hays, Blaine Hays to Roper, and then Roper to plaintiff.

CAMERON & BARKLEY CO. v. AMERICAN INSURANCE CO.

[112 N.C. App. 36 (1993)]

The form provided in G.S. § 44A-19 is designed to make recognition of those relationships instantly clear to the recipient of the notice, and plaintiff has not substantially complied therewith. If a claimant veers from a statutorily suggested form, it does so at its own peril. *Contract Steel*, 321 N.C. at 223, 362 S.E.2d at 552. Plaintiff's form is fatally deficient for failure to give the required notice.

We recognize plaintiff designedly attempted to conform to the provisions of G.S. § 44A-12. However, that statute addresses a different purpose. It is contained within Part 1 of Article 2 of Chapter 44A, which concerns liens of those dealing directly with the owner of property against which a lien is claimed. The form provided therein demands less specificity because fewer entities are involved, and the property owner is presumptively aware of its direct contractual relationships. Also, a title-searcher can easily discern there is a lien upon the owner's property, without sifting through various tiers of sub-contractors. G.S. § 44A-19, on the other hand, is contained within Part 2 of Article 2, relating to those whose direct dealings are with one other than the owner of the property. While the purpose of G.S. § 44A-19 may be to provide the owner-obligor with notice, *Contract Steel*, 84 N.C. App. 460, 470, 353 S.E.2d 418, 424, *aff'd*, 321 N.C. 215, 362 S.E.2d 547 (1987), and Marriott received copies of the document plaintiff filed with the Wake County Clerk of Superior Court, we nonetheless hold more is required in a claim of lien affecting title to real estate which is intended to place "the world" on notice of the claim. Such notice must clearly delineate the tiered relationships in which the claimant is involved. This is so the owner may understand how the lien has arisen, and also so a title-searcher may ascertain which entities are potential claimants and how each is connected to the real estate. We hold the trial court correctly construed the statutory scheme, and that it was necessary for plaintiff to give notice in accordance with the form specified in G.S. § 44A-19.

Although a second tier subcontractor must *notice* its claim of lien using a format substantially similar to that provided in G.S. § 44A-19, *perfection* of this lien is not achieved merely upon proper notice. G.S. § 44A-23 states: "The manner of such enforcement shall be as provided by G.S. § 44A-7 through § 44A-16. The lien is perfected as of the time set forth in G.S. 44A-10 upon filing of claim of lien pursuant to G.S. 44A-12." Because this type of subrogation lien concerns real property, the claim of lien must

also be *filed* pursuant to G.S. § 44A-12 before it is considered perfected. The relevant portions of this section, assuming compliance with the notice requirements established in G.S. § 44A-19, are the following:

> (a) Place of Filing.—All claims of lien against any real property must be filed in the office of the clerk of superior court in each county wherein the real property subject to the claim of lien is located. . . .

> (b) Time of Filing.—Claims of lien may be filed at any time after the maturity of the obligation secured thereby but not later than 120 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien.

G.S. § 44A-12(a)(b).

Plaintiff filed its instrument at the place and within the time-frame indicated. However, as we have determined the notice provided by plaintiff was ineffective, the claimed lien was not perfected, and the action brought by plaintiff seeking its enforcement was fatally flawed. No genuine issue of material fact remained for trial, and the court properly ruled defendants were entitled to summary judgment as a matter of law.

II.

Plaintiff contends in its second assignment of error the trial court reversibly erred by not granting plaintiff's own motion for summary judgment, or, in the alternative, partial summary judgment. We need not address this contention, however, because our holding the court properly granted summary judgment in favor of defendants renders moot plaintiff's second assignment of error.

The order of the trial court is affirmed.

Judges JOHNSON and LEWIS concur.